[No. 13950.   Department Two. — January, 30, 1892.]

## JOSEPH DAVIS, RESPONDENT, *v.* GEORGE LEZINSKY, APPELLANT.

APPEAL FROM JUDGMENT — RECITALS — TRIAL OF ISSUES — PRESUMPTION IN SUPPORT OF JUDGMENT. — Upon an appeal from a judgment on the judgment roll alone, where the record shows that the cause was tried by the court upon issues joined, and the recitals in the judgment show that the cause was tried upon the papers and records on file, together with the statements made by the respective parties, it will be presumed that the judgment was sustained by the statements and admissions of the parties, and the fact that it further recites that there was no evidence offered is not sufficient to overcome such presumption.

ID. — CONSTRUCTION OF RECITALS. — Where the recitals in a judgment, read together, are as susceptible of a construction which will sustain the judgment, as of a construction which will defeat it, the presumption in favor of the judgment requires that the former construction be adopted.

ID. — INSUFFICIENCY OF EVIDENCE — REVIEW UPON APPEAL. — The insufficiency of the evidence to justify the findings implied in a judgment where findings are waived cannot be considered upon appeal from the judgment, in the absence of a statement on motion for new trial, or bill of exceptions containing a statement of the evidence or want of evidence.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion.

*Franklin P. Bull,* and *William A. Beatty,* for Appellant.

*M. J. McGrath,* for Respondent.

VANCLIEF, C. — Action on a promissory note payable to A. Davis and Son, or order, by whom it was alleged to have been assigned to the plaintiff. The note is set out in the complaint.

The complaint not being verified, the unverified answer of the defendant denies generally each and every allegation of the complaint; and for a further answer alleges that A. Davis and Son "has never complied with the provisions of sections 2466 and 2468 of the Civil Code of this state," and "that Joseph Davis, the

plaintiff above named, is the sole member of the said firm of A. Davis and Son."

The plaintiff had judgment, from which the defendant brings this appeal on the judgment roll, without a bill of exceptions.

The judgment is preceded by the following recitals: "This cause came on regularly for trial this day before the court sitting without a jury, M. J. McGrath appearing as counsel for the plaintiff, and the defendant appearing in person. The cause was tried upon the papers and records on file herein, together with the statements made by the respective parties. There being no evidence offered, the cause was thereupon submitted to the court for consideration and decision, and now, the court having fully considered the same, it is ordered that judgment be, and the same is hereby, entered herein in favor of the plaintiff and against the defendant for five hundred dollars, and interest, in accordance with the prayer of the complaint. Findings are hereby waived."

It is contended by appellant that the recitals in the judgment show that it was a judgment on the pleadings merely, without any proof of the assignment or nonpayment of the note.

The recitals show that the cause *was tried upon the papers and records* on file, together with the *statements made by the respective parties*, the defendant appearing in person. If nothing more than this had been recited, there would be no doubt that the judgment is correct. It is true that the further recital, viz., "There being no evidence offered," taken in its technical sense, seems inconsistent with the recital preceding it; but the meaning intended may have been only that there was no sworn testimony, or that there was no other evidence than the statements of the parties and the papers on file, since it is possible that the court intended to distinguish the statements and admissions of the parties not made under oath from evidence. However this may be, the presumption is, that the judgment is cor-

rect until proved otherwise; and the burden of over-coming this presumption is upon the appellant. He does not shift or discharge the burden by merely show-ing an apparent inconsistency in the recitals, which may as well be reconciled in favor of the judgment as against it. In other words, if the recitals, read together, are as susceptible of a construction which will sustain the judgment as of a construction which will defeat it, the presumption in favor of the judgment requires that the former construction be adopted.

The real point made by the appellant is, that the evidence was insufficient to justify the findings of fact implied in the judgment, express findings having been waived. This question might have been raised and presented on its true merits, by motion for new trial, or bill of exceptions containing a statement of the evidence or want of evidence.

I think the judgment should be affirmed.

FOOTE, C., and FITZGERALD, C., concurred.

THE COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.