[Civ. No. 328. Fourth Appellate District.—March 25, 1931.]

L. S. BEALL, Respondent, v. CHARLES ERICKSON, Appellant.

M. F. McCormick for Appellant.

Arthur Frame, Philip Conley and Conley, Conley & Conley for Respondent.

BARNARD, P. J.—This is an appeal from an order granting a new trial in an action for damages for personal injuries alleged to have been caused by negligence in the operation of an automobile. The answer, in addition to denying the allegations of the complaint, alleged contributory negligence. The jury brought in a verdict for the defendant and a motion for a new trial was argued and submitted and later granted. The original judgment was entered on March 24, 1930. The minutes of the court under date of April 29, 1930, show the following: "Plaintiff's motion for a new trial herein having been heretofore argued and submitted to the court for its decision, and after due consideration and the court being fully advised, it is ordered that said motion be, and it is hereby granted."

The minutes further show under date of May 1, 1930, the following: "Through inadvertence the order heretofore made granting a new trial in the above-entitled action, the grounds were not stated and it is therefore ordered that said order be and it is hereby amended *nunc pro tunc* as of April 29, 1930, to read: 'It is ordered that plaintiff's motion for a new trial herein be and it is hereby granted on the ground of the insufficiency of the evidence to sustain the verdict rendered in the action.'"

The principal question raised on this appeal is as to the effect of this minute order of May 1, 1930; that is, whether or not the order granting a new trial is to be here treated as having been made upon the ground of the insufficiency of the evidence to sustain the verdict. ■ It is well settled that when a motion for a new trial has been once acted upon by the trial court, the order made cannot be later vacated and the entire matter again considered (*Coombs* v. *Hibbard,* 43 Cal. 452; *Dorland* v. *Cunningham,* 66 Cal. 484 [6 Pac. 135]). ■ It is equally well settled that if an order entered is not the order made by the court, the records may be so corrected as to make them speak the truth (*Crim* v. *Kessing,* 89 Cal. 478 [23 Am. St. Rep. 491, 26 Pac. 1074]). ■ That the amended order of May 1st did just this, is contended by respondent. On the other hand, appellant contends that it must be taken as changing the original order made on April 29th. Appellant insists that the instant case is similar to *Drinkhouse* v. *Van Ness,* 202 Cal. 359 [260 Pac. 869, 873], in which case the court said: "But the trial court has no authority, under the guise of an amendment, to correct a judicial error, or make of record an order that was never made. (*Kaufman* v. *Shain,* 111 Cal. 16, 19 [52 Am. St. Rep. 139, 43 Pac. 393].) Yet the record indicates that is precisely what was attempted to be done in the present case. The later order does not purport to correct the entry of the first; neither is there anything on its face or in the record from which it may be gathered that such was its purpose. It stands out clearly as an order purporting to 'amend', that is to change, an order previously made."

We have examined the original briefs in that action and it appears that the court was there discussing a very different situation. In that case an order had been entered on May 1, 1902, the essential part reading as follows: "It is ordered that the said motion be and the same is hereby granted." On May 8, 1902, the following order was entered:

"In this action it is ordered that the order of May 1st., 1902, be and the same is hereby amended to read as follows:

"Motion of Defendant Frank Van Ness for new trial be denied and motion for new trial of intervener be granted."

It thus appears that by the second of these orders, the first order was very materially changed. In *Biaggi* v. *Ramont*, 189 Cal. 675 [209 Pac. 892], the court said: "On an appeal from an order granting a new trial the action of the trial court will not be disturbed if upon any hypothesis it can be sustained. Its action is conclusive upon this court, unless an abuse of discretion is made to appear."

A number of cases have been cited by respondent wherein orders have been approved which corrected previous orders passing upon motions for a new trial. Appellant argues that in every such case cited the order of amendment contains recitals which show that the previous minute order did not correctly set forth the order actually made by the court. This does not conclusively appear, however, in the case of *Brush* v. *Pacific Elec. R. Co.*, 58 Cal. App. 501 [208 Pac. 997, 998]. In that case, two minute orders appear as follows: "The first, that of March 18, 1921, reads: 'Defendant's motion for a new trial is granted.' The second, dated March 28, 1921, is as follows: 'It appearing that in the minute entry of the order granting a new trial on the 18th day of March, 1921, the statement of the grounds on which said order was made was inadvertently omitted, and for the purpose of correcting said inadvertent omission, said order is hereby amended and corrected, *nunc pro tunc*, as of March 18, 1921, to read as follows: Defendant's motion for a new trial is hereby granted, on the ground of the insufficiency of the evidence to support the verdict, in that it appears from the preponderance of the evidence that the plaintiff was guilty of contributory negligence."

Essentially, the amending order in that case was like the one now before us. Both amending orders refer to original orders appearing in the minutes and in neither case does it appear that reference is made to any verbal order or to anything other than the original minute order entered. In the case before us, the amending order states that through inadvertence in the original order, the grounds were not stated. In the Brush case, the amending order states that in the original order the grounds for the order were inadvertently omitted. While the order in the Brush case states that it is being made for the purpose of correcting an inadvertent omission, it leaves the matter in doubt,

whether the inadvertence was that of the judge in making the order or that of the clerk in entering it. In the case before us, it is made plain that the second order is made for the purpose of correcting an inadvertence, and, as in the Brush case, a doubt is left as to whether it is the inadvertence of the judge or of the clerk. In the Brush case the appellant made the same contention as is made by the appellant here, that the inadvertence referred to was judicial and not clerical; and, therefore, that the second minute entry was unauthorized and void. In passing upon that contention the court said:

"Appellant's claim that the lower court exceeded its authority in entering the *nunc pro tunc* order of March 28, 1921, is based upon the assumption that the omission from the original minute entry of any statement that the new trial was granted on the ground of the insufficiency of the evidence was a judicial and not a clerical error. That is, it is gratuitously assumed by appellant that when the trial judge announced that a new trial would be granted he made no mention of the ground upon which it was ordered, and that, therefore, the failure of the first minute entry to specify that the new trial was granted upon the ground of the insufficiency of the evidence to support the verdict was not a mistake of the clerk but an error of the judge. Aside from the two minute entries there is nothing whatever in the record on appeal to show any of the circumstances under which either entry was made. There is nothing in the record on appeal to show that, in ordering the new trial, the trial judge did not specially direct the clerk to specify in his minute entry of the order that it was made on the ground of the insufficiency of the evidence to support the verdict. This being the condition of the record we must presume that the trial judge did direct the clerk to specify in the original minute order that the new trial was granted on the ground of the insufficiency of the evidence to support the verdict, or that he in some way communicated to the clerk the fact that insufficiency of the evidence to support the verdict was the ground upon which the order was made. We must presume that, through clerical misprision, the clerk failed to make the entry as directed, or to make it in conformity with the judge's announcement, and that it was for that reason that the

court, in the exercise of its inherent power to cause its acts to be correctly recorded, directed the entry of the second order. An appellate court never indulges in presumptions to defeat an order or a judgment. On the contrary, every intendment is in favor of the validity and regularity of the order or judgment appealed from. The burden of overcoming this presumption is upon the appellant, and where the record is silent, it will be presumed that what ought to have been done was not only done, but rightly done.''

The court then concludes that the second minute entry must be treated as a correct record of the order as announced by the trial judge.

We think that the reasoning in the case just referred to is controlling under the circumstances here shown, and that the order of May 1, 1930, must be taken as intended to correct an inadvertence of the clerk in entering the order of April 29th, in order to make the record set forth the true situation, and that the minute order of May 1st must be taken as the correct order as originally made by the court.

■ Appellant argues that since the transcript in this case was certified as correct it must be taken to be so and that no presumptions may then be indulged. He cites *Hahn* v. *Kelley,* 34 Cal. 391 [94 Am. Dec. 742], to the effect that where a record is silent as to what was done, it will be presumed that what ought to have been done was correctly done, but where a record shows what actually was done, it will not be presumed that· something different was done. Assuming the correctness of this rule, the fact remains that, from the transcript before us, nothing appears in this connection except the two minute orders, and while the record shows that what was done by inadvertence was corrected, it does not show whose was the inadvertence or omission. In the absence of any showing to the contrary, it must be presumed that the action of the court in correcting the minutes was a proper one.

It follows that the order appealed from must be affirmed, unless, in view of the evidence shown by the record, we are of the opinion that the court abused its discretion. A broad discretion is vested in a trial court in passing upon a motion for a new trial. In *Brush* v. *Pacific Elec. R. Co., supra,* the rule is thus stated:

"But while an appellate court will not review a verdict where the evidence shows a substantial conflict, the trial court is guided by very different considerations. If the trial judge, notwithstanding a conflict in the testimony, is satisfied that the verdict is against the weight of the evidence, he may, indeed he should, grant a new trial, although upon the same conflict an appellate court would be bound by the verdict. And even though there be no conflict in the testimony, the probative force and effect of the evidence is ultimately for the determination of the trial judge upon the hearing of a motion for a new trial. (*Meinberg* v. *Jordan,* 29 Cal. App. 762 [157 Pac. 1005, 1007].) The judgment of the trial judge is not based upon the cold record which comes to an appellate court. He hears the evidence and has ample opportunity to observe the demeanor and manner of the witnesses and to judge their credibility. If, therefore, he is dissatisfied with the verdict and is of the opinion that it clearly is against the weight of the evidence, he may set it aside and grant a new trial even though there be substantial evidence to support the verdict. He 'is in a position to determine between the apparent and the real, to detect the fallacy of specious testimony which may have misled the jury, but which his wider experience enables him to readily comprehend. . . . It is for these and other reasons which might be mentioned that a wide discretion is accorded to trial courts in the disposition of motions for new trial.' "

In view of these rules we are unable to hold that the trial court abused its discretion in the instant case. It is not necessary to review all of the evidence in detail. It does appear that the respondent was crossing a street in the business section of Fresno in the daytime. He was obliged to stop in the street while a truck with high sides passed directly in front of him. The appellant driving an automobile was following closely behind this truck. The respondent testified that he stood still and did not move, but that immediately after the truck passed the appellant turned the front of his machine sufficiently to his right so that the fender hit respondent's knee and the front wheel passed over his foot, causing the injuries complained of. On the other hand, the appellant testified that he proceeded

straight ahead following the truck. While the question of negligence on the part of the appellant and of contributory negligence on the part of the plaintiff were questions primarily for the jury, they were equally questions calling for the consideration of the trial judge, in considering the motion for new trial, under the familiar rules. (*Green* v. *Soule,* 145 Cal. 96 [78 Pac. 337].)

The order appealed from is affirmed.

Marks, J., and Jennings, J., concurred.