[Civ. Nos. 8364 and 8492. Second Appellate District, Division One.—December 18, 1934.]

CHARLES LIVESAY, a Minor, etc., Appellant, v. HARRY I. DEIBERT, Respondent.

Leo E. Anderson and Meserve, Mumper, Hughes & Robertson for Appellant.

Walter F. Keen and Fred O. Reed for Respondent.

SHINN, J., *pro tem.*—Plaintiff was awarded damages by verdict of a jury in an action for personal injuries. After entry of judgment on the verdict, defendant gave notice of intention to move for a new trial. This notice was given August 24th and the time expired on October 23d within which the court could grant a new trial. Honorable K. Van Zante, Judge of the Superior Court of Kings County, presided at the trial. The motion was presented and submitted September 3, 1931. On October 17, 1931, the trial judge himself wrote and signed a letter to the county clerk of Los Angeles County reading as follows: "Superior Court Chambers. K. Van Zante, Judge. Hanford, Kings County, California, Dept. 4. Hanford, Cal., Oct. 17th, 1931. Mr. L. E. Lampton, County Clerk, Room 500, Hall of Records, Los Angeles, California. Dear Sir: In the case of *Charles Livesay etc.* v. *Harry I. Deibert*, No. 304137, please enter in your minutes order granting motion for new trial, and notify parties thereof. Yours truly, K. Van Zante." On October 23, 1931, the clerk entered a minute order pursuant to said letter, as follows: (Title of Court and Cause.) "Letters being filed, defendant's motion for a new trial, heretofore submitted, is now by court granted." On November 2, 1931, the trial judge personally wrote, signed and mailed a letter to a deputy county clerk, as follows: "Superior Court Chambers. K. Van Zante, Judge. Hanford, Kings County, California. Hanford, Cal., Nov. 2nd, 1931. Mr. R. F. Gragg, Deputy County Clerk, Room 500, Hall of Records, Los Angeles, California. Dear Sir: Through inadvertence the order heretofore made granting a new trial in the case of *Charles Livesay, etc.* v. *Harry I. Deibert*, No. 304137, the grounds were not stated therein and it is therefore ordered that said order be and the same is hereby amended *nunc pro tunc* as of date made, to read: It is ordered that defendants' motion for a new trial herein be and the same is hereby granted on the ground of the insufficiency of the evidence to sustain the verdict rendered in the action. Yours truly, K. Van Zante." This letter was received by the clerk November 3, 1931, and on November 7th he entered a minute order, as follows: "(In the Superior Court of the County of Los Angeles, State of California. November 4, 1931, by Hon. K. Van Zante, judge of the Superior Court of Kings County, California, in

chambers at Hanford, under designation of the chief justice, as chairman of the Judicial Council. (Title of Court and Cause.) As per letter from Judge Van Zante of November 2, 1931 (filed November 4, 1931), minute entry of October 20, 1931, is now amended *nunc pro tunc* as of October 20, 1931, to read, 'It is ordered that defendant's motion for a new trial herein be and the same is hereby granted on the ground of the insufficiency of the evidence to sustain the verdict rendered in the action.' "

On the twenty-seventh day of October, 1931, plaintiff appealed from the order entered October 23, 1931. A second appeal was taken from the *nunc pro tunc* order and a third from an order incorporating the *nunc pro tunc* order in the transcript on appeal. The several appeals are submitted upon the same record. We shall discuss the appeal from the order granting the new trial upon the facts shown by the entire record.

■ The first matter to be determined is the effect to be given to the order of November 2d entered by the clerk on November 7th. It is contended by plaintiff that the court was without jurisdiction to make the *nunc pro tunc* order because the first order was final and reviewable only on appeal. Jurisdiction is further denied because at the time of the second order, the time had expired within which a new trial could be granted and also because plaintiff had appealed from the original order.

If the second order was effective, the order as amended designated insufficiency of the evidence as the ground upon which a new trial was granted; if it was ineffectual for that purpose, it will be presumed upon the appeal from the original order that it was not granted because of the insufficiency of the evidence. (Sec. 657, Code Civ. Proc.; *Wilkinson* v. *United Railroads of San Francisco,* 195 Cal. 185 [232 Pac. 131]; *Yoakam* v. *Hogan,* 198 Cal. 16 [243 Pac. 21].)

Appellant claims that the order of November 2d "does not appear to be an order made for the purpose of correcting a clerical misprision but is an attempt to correct an alleged judicial error." This statement presents the principal inquiry.

The court cannot review an order duly made and entered granting or denying a new trial and make a different order. The rule is not violated, however, when the order is amended to correct an inadvertence or a clerical mistake.

A very satisfactory statement of the rule applicable is that of Chief Justice Beatty in *Holtum* v. *Greif*, 144 Cal. 524 [78 Pac. 11, 12], as follows: "The decisions of this court are numerous and uniform to the effect that a judgment or order once regularly entered can be reviewed and set aside only in the manner prescribed by statute. If they have been entered prematurely or by inadvertence, they may be set aside on a proper showing, and if the order as entered is not the order as made, the minutes may be corrected so as to make them speak the truth, but subject to these exceptions the order is reviewable only on appeal, and the decision of the trial court having been once made after regular submission of the motion its power is exhausted—it is *functus officio.*"

The situation shown by the record in the present case seems to be not an unusual one. Similar orders have been under review in a number of recent cases: *Brush* v. *Pacific Electric Ry. Co.*, 58 Cal. App. 501 [208 Pac. 997], *King* v. *Emerson*, 110 Cal. App. 414 [288 Pac. 1099, 294 Pac. 768], *Beall* v. *Erickson*, 113 Cal. App. 36 [297 Pac. 960], *Dalley* v. *B. & H. Transportation Co.*, 114 Cal. App. 320 [299 Pac. 748], and *Lauchere* v. *Lambert*, 210 Cal. 274 [291 Pac. 412]. In each of these cases an order granting a new trial was amended by a subsequent order so as to state as the ground therefor the insufficiency of the evidence. These orders correcting the record were sustained on appeal.

In *Brush* v. *Pacific Electric Ry. Co., supra,* it was assumed that the court in announcing the order directed the clerk to specify in the original minute order, or otherwise communicated to the clerk, that insufficiency of the evidence was the ground for the order, and that the mistake was made by the clerk in failing to follow the directions of the judge.

In *King* v. *Emerson, supra,* a motion for a new trial was urged solely upon the ground of insufficiency of the evidence. The court announced from the bench that it would grant the motion, but made no statement of the grounds for the order and none were entered by the clerk. In upholding an order thereafter made by the court upon its own motion, the court said (page 421 [110 Cal. App.]) : "Under these circumstances the court had the right to assume that the minute order would be entered by the clerk to the effect that the mo-

tion was granted upon the insufficiency of the evidence, that being the only point urged at the hearing. Upon discovering that the clerk had not made the proper entry and that the minute order did not express the true ruling, the court had the power to correct its order. The act of the court, in omitting to orally state the grounds for his ruling, was an inadvertence under the authorities cited, and it cannot be said that the court, in correcting and amending its original order, was correcting a judicial error.''

In *Beall* v. *Erickson, supra,* a similar situation was presented; the original order granting a new trial failed to state the grounds, and thereafter, by minute order in terms practically identical with the order here involved, the former order was corrected to specify the ground of insufficiency of the evidence. The order was upheld on appeal upon authority of *Brush* v. *Pacific Electric Ry. Co., supra.* It was assumed in this case as in the Brush case that the inadvertence was that of the clerk in entering the order, the record failing to show the contrary.

Two similar orders were involved in *Dalley* v. *B. & H. Transportation Co., supra.* It did not appear, except by inference from the terms of the second order, that the amendment was being made for the correction of a clerical error. The court said: ''But in the absence of evidence to the contrary, it may rightly be presumed that the court was not attempting to change any judicial action in the premises—in other words, was not assuming to exceed its authority.''

In *Lauchere* v. *Lambert, supra,* the trial court, in granting a new trial, stated in open court that the evidence was insufficient to justify the verdict; the order as entered by the clerk failed to state any grounds upon which it was made. Thereafter the court, of its own motion, made an *ex parte* order which recited the foregoing facts and ordered the entry *nunc pro tunc* of an amended order particularly stating the insufficiency of the evidence as the ground for granting the new trial.

These cases show how easily an insufficient record may be made of a ruling granting a new trial where, through forgetfulness or carelessness, the true reasons for the order are not stated or recorded. It is the order which is made that governs; not the order that is recorded. Where the error is made by the clerk, it is necessarily a clerical one.

Where it is made by the judge, it may be either a clerical or a judicial error; if it is a clerical error, it is undoubtedly as open to correction as though it were an error of the clerk.

■ In the present case the order was written by the judge at Hanford and mailed to the clerk at Los Angeles. The decision of the motion, which necessarily embraced a determination of the grounds therefor, was a judicial act of the court. Its reduction to writing was a clerical act. If a mistake was made in writing the order, then the amending order added nothing to the original order, but it did add to the record the statement of fact existing when the original order was made but which had been inadvertently omitted therefrom. The omission of the judge to state the grounds for the order was held in *King* v. *Emerson, supra,* to be an inadvertence which could be corrected. The failure to state the grounds in the written order under review was likewise an inadvertence upon the part of the judge. There was of necessity a reason for granting the motion. That reason was known to the judge and is shown by the record to have been insufficiency of the evidence. Upon the record before us we believe that the recital in the second order of inadvertence in the making of the first order is conclusive as to that fact. It appears from that recital that the judge made a mistake of some sort, either in deciding what to put into the order or in writing into it the complete terms of his decision. There is no evidence in the record to contradict the recital of the amending order to the effect that a mistake had been made.

■ The later order must be taken as the decision of the judge that the error was clerical and not judicial. The situation calls for the application of the rule that "all presumptions not contradicted by or inconsistent with the record are in favor of the correctness of the judgment". (*Lyons* v. *Roach,* 84 Cal. 27 [23 Pac. 1026].) And, as stated in *Davis* v. *Lezinsky,* 93 Cal. 126 [28 Pac. 811], "however this may be, the presumption is that the judgment is correct until proved otherwise; and the burden of overcoming this presumption is upon the appellant. He does not shift or discharge the burden by merely showing an apparent inconsistency in the recitals, which may as well be reconciled in favor of the judgment as against it. In other words, if the recitals read together are as susceptible

of a construction which will sustain the judgment as of a construction which will defeat it, the presumption in favor of the judgment requires that the former construction be adopted.''

It was for the trial judge to determine whether the order was complete and all that he intended it to be or whether it was deficient. If the mistake was clerical, it could be corrected. If it was judicial, it could not be. It must be presumed that he found it to be his own clerical error; otherwise he would have had no right to make the second order. The facts were completely and solely within his own knowledge. He alone knew whether a mistake had been made and how it had been made. He had a right to rely upon his own memory (*King* v. *Emerson, supra*) and his determination of the fact is conclusive. (*People* v. *Curtis,* 113 Cal. 68 [45 Pac. 180]; *Kaufman* v. *Shain,* 111 Cal. 16 [43 Pac. 393, 52 Am. St. Rep. 139]; *Harman* v. *Cabaniss,* 207 Cal. 60 [276 Pac. 569].) This disposes of the claim that the second order was an afterthought or an attempt to correct a judicial error. It follows that the fact was as stated in the amending order and that that order attempted to do no more than correct the record to make it speak the truth.

For these reasons, the court retained jurisdiction to amend the original order, limited, however, to its right to correct clerical errors therein. This jurisdiction continued after the time had expired within which the original order could have been made and after an appeal had been taken. (*Lauchere* v. *Lambert, supra,* and cases cited.)

It may be added that this holding conforms with the requirements of justice in the case, since to hold otherwise would deprive the defendant of a right to a new trial on the ground of insufficiency of the evidence, which right would have been clearly shown by the record in the first instance had it not been for the mistake in question.

Appellant makes the further claim that the court could not make the order *ex parte* but only on motion after notice given. This view, however, is contrary to the settled rule that the court not only has the power but is also under the duty, upon its own motion, to correct such mistakes when they are called to its attention. (*Robson* v. *Superior Court,* 171 Cal. 588 [154 Pac. 8].)

148

From the foregoing conclusions, it results that defendant's motion for a new trial was granted upon the ground of insufficiency of the evidence to justify the verdict and the appeals must be considered upon that basis.

The action arose out of a collision between a motorcycle ridden by plaintiff and an automobile driven by defendant. We have examined the record and find that there was a conflict in the evidence upon the material points in issue. Under familiar rules, the order granting a new trial cannot be disturbed. It is unnecessary to decide whether a new trial might properly have been granted upon any of the other grounds discussed in the briefs.

The views herein expressed are determinative of the several appeals and the orders are therefore affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 8, 1935, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 14, 1935.