[Civ. No. 13849. First Dist., Div. One. Jan. 17, 1949.]

NATHANIEL E. MORGAN et al., Respondents, v. STATE BOARD OF EQUALIZATION et al., Appellants.

Fred N. Howser, Attorney General, J. Albert Hutchinson and Leo T. Englert, Deputy Attorney General, for Appellants.

Hallinan, MacInnis & Zamloch and James Martin MacInnis for Respondents.

BRAY, J.—This appeal is from an order of the superior court discharging a writ of review and remanding the cause to the State Board of Equalization, made after a judgment in favor of that board. The sole question involved is the power of the court to make such an order.

### FACTS

There is no dispute concerning the facts. The case arose out of a proceeding brought in the State Board of Equaliza-

tion[1] against respondents for violation of the Alcoholic Beverage Control Act (Stats. 1935, ch. 330; 2 Deering's Gen. Laws, Act 3796). Respondents held an on-sale general liquor license on Van Ness Avenue South in San Francisco. They were charged before the board with four counts of violation. After a hearing the board found them guilty on all four counts, and ordered their license revoked.

Respondents then filed a petition in the superior court for a writ of review. Thereupon an order to show cause was issued, together with a temporary restraining order restraining the board from enforcing its order pending the hearing of the order to show cause. After certain preliminary proceedings unimportant here, the matter came on for trial on September 26, 1947. The entire record of the proceedings in the board was offered and admitted in evidence; the matter was argued, and submitted. Thereupon and on November 3, the court made its findings of fact and conclusions of law, in which it found that the findings and order of the board revoking respondents' license "were based upon and supported by the weight of the evidence;" that the proceedings in the board were regular and without error. The same day, the court made and entered its judgment, which recited in the usual form that the matter had come on for hearing and been heard, and that it had made findings of fact and conclusions of law, in which it had "directed that the writ of review herein sought by petitioner be denied; the above entitled proceeding dismissed and temporary restraining order heretofore issued be and the same is hereby recalled; that respondents have and recover judgment for their costs herein incurred." It thereupon "ORDERED, ADJUDGED AND DECREED that a writ of review in this action be denied, and that the temporary restraining order heretofore issued herein be and the same is hereby recalled and that respondents have and recover their costs of suit herein incurred in the sum of THREE AND NO/100 ($3.00) DOLLARS."

Nothing further occurred in the case for 30 days. Then, on December 3, the court, apparently disregarding entirely the above judgment, signed, and on December 4, entered ex parte an "Order Discharging Writ of Review and Temporary Re-

---

[1]Morgan and Bernard, petitioners in the superior court (respondents here), will be referred to herein as respondents; the State Board of Equalization, et al., respondents in the superior court (appellants here), will be referred to as appellants; and the State Board of Equalization will be referred to as "the board."

straining Order and Remanding Cause to State Board of Equalization.'' This order recited that the hearing upon the petition for writ of review had come on regularly before the court on September 26, 1947. It named the counsel appearing for the parties, and then stated: "The court considered the pleadings and the exhibits filed by the respective parties, including a transcript of that certain hearing . . . [the one before the board in question here] and the court, being fully advised in the premises, finds and determines that there was sufficient evidence to support the matters and things set forth in Count Two of said accusation and/or complaint, to wit, the keeping in a private warehouse at 2712 Harrison Street, San Francisco, California, approximately 390 empty distilled spirits bottles.

"The court found that there was insufficient evidence in support of Counts One, Three and Four of said accusation and/or complaint, and that the interests of justice would thus be served by remanding Count One, Count Three and Count Four of said accusation and/or complaint to the State Board of Equalization or to the Hearing Officer thereof, for the taking of further testimony, if any there be, in support of said Counts One, Three and Four.

"WHEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition for writ of review be dismissed without prejudice and that the foregoing matter involving said accusation and/or complaint against petitioners herein, as described above, be remanded to the State Board of Equalization and/or to its Hearing Officer, for the taking of further evidence, and the matters and things contained in Count Two of said accusation and/or complaint, as described above, are likewise remanded to the State Board of Equalization and/or to its Hearing Officer in the matter of further consideration of the punishment and/or penalty imposed by virtue of the same.''

THE COURT HAD NO POWER TO MAKE THE ORDER

In support of the court's action respondents contend that there was no final judgment, but merely an order which the trial judge has power to make to correct a clerical mistake, and that it must be presumed that the judge was merely correcting his own clerical mistake. For their contention that the judgment of November 3 is not a final one, but merely an order, they cite two cases, *In re Rose*, 80 Cal. 166 [22 P. 86], and *Gilman* v. *Contra Costa County*, 8 Cal. 52 [68 Am.Dec. 290], neither of which is in point. *In re Rose* held

that an order settling an account of an administrator which was "preparatory to a 'final settlement of the rights of the parties' in the whole proceeding" (p. 170) was not a final judgment, and that "An order, *as distinguished from a final judgment*, is the judgment or conclusion of the court upon any motion or proceeding." (P. 170; emphasis added.) In our case, not only were there findings of fact and conclusions of law, but a judgment itself, which constituted the final determination of the proceeding brought by respondents to obtain a writ of review. In the Gilman case the question was whether an appeal would lie from an order of the district court overruling a motion to quash an execution and discharge a levy. The statute provided for an appeal from any special order made after judgment. The court then defined an order "to be the judgment, or conclusion of the Court, upon any motion or proceeding." (P. 57.) It is difficult to see how this definition helps respondents. It is obvious that the instrument in question is a final judgment, but even if it were not, the court, as will hereafter be pointed out, could not amend it ex parte, unless for clerical errors. It should be pointed out, too, that here there was a full and final hearing after a return made by the board, and not a hearing before such return was filed, as in the case of *Donovan* v. *Board of Police Commrs.*, 32 Cal.App. 392 [163 P. 69], cited by respondents.

Aside from statute, courts have an inherent power to correct judgments where there has been a clerical error by the clerk or by the judge himself. There is no time limit within which this correction need be made. The correction can often be made ex parte and even without notice. The only important limitation upon the power is that it must be used to correct "clerical" errors, and cannot be used for "judicial" errors.

"It is not easy to give an exact definition of 'clerical' error or misprision which will cover its application to differing situations. As most frequently used and applied it relates to the action of the clerk in performing the ministerial function of recording or entering judgments and other judicial acts. But the power to amend is not wholly confined to the correction of an erroneous record; it extends also to cases where some provision of or omission from an order or judgment as made or rendered was due to the inadvertence or mistake of the court and may therefore properly be treated as a clerical misprision rather than a judicial error." (14 Cal.Jur. 995.)

A review of a few of the representative cases in California on the question of whether an amendment is a judicial or a clerical one, is interesting.

In *O'Brien* v. *O'Brien*, 124 Cal. 422 [57 P. 225], in the "memorandum of decision" and subsequent minute order, granting the divorce, it was stated that the question of alimony and counsel fees was reserved for further consideration. Several months after the entry of a final decree, making no mention of alimony or counsel fees, plaintiff moved for an order awarding such. The trial court granted the motion. Two years later, the court made a *nunc pro tunc* order amending the final decree to provide that the matter of alimony and counsel fees had been left open. On appeal, it was held that the error was judicial and not clerical, and hence beyond the power of the court to cure by amendment. A similar ruling was made under somewhat similar facts in *Mann* v. *Mann*, 6 Cal. App. 610 [92 P. 740].

In *Drinkhouse* v. *Van Ness*, 202 Cal. 359 [260 P. 869], a motion for a new trial was made by both the original defendant and the intervener. An order was entered granting the motion. One week later an "amended order" was entered denying the motion as to defendant but granting it as to the intervener. On appeal this was held to be a void attempt to cure a judicial error. In its opinion the court stated, in effect, that while the trial court could correct the order if it had been erroneously made, there must be something in the record to show that such was the case, and where the only thing the record shows is a completely new order without explanation, the error would be considered a judicial one. A different attitude appears in *Harman* v. *Cabaniss*, 207 Cal. 60 [276 P. 569], where the trial court denied a divorce. On appeal, the judgment was reversed on the ground that the record showed that the trial court had found all of the allegations of the complaint to be true, and therefore plaintiff was entitled to a divorce. Pursuant to this decision, the trial court entered its interlocutory decree granting plaintiff the divorce. Two years later, defendant moved the court for an order setting aside the decree, correcting an alleged clerical error in the findings, and ordering judgment in accordance with the corrected findings. On the hearing the trial court declared its belief that all of the facts alleged by defendant were true, and that the findings should be corrected and a new judgment entered, but felt that it could not do so in view of the mandate of the appellate court on the original appeal, to enter judg-

ment for plaintiff. In a proceeding brought to mandamus the court to correct the findings and enter judgment based thereon, the Supreme Court held (p. 62) : "Unquestionably the court, under the circumstances here presented, had and has the power to entertain and pass upon the motion. It has full power to determine whether the alleged error was clerical or judicial in character and, if clerical, to set aside the interlocutory decree, correct the error and enter judgment on the findings as corrected and conclusions of law to be drawn therefrom." Unfortunately the opinion does not set forth what the error in the findings was.

A series of cases in the District Court of Appeal involved situations where there had been an order granting a new trial, and a subsequent correction of the order to show the grounds, usually insufficiency of the evidence. These cases hold that the omission of the grounds in the first order was a clerical and not a judicial error. A typical case, reviewing earlier similar cases, is *Livesay* v. *Deibert*, 3 Cal.App.2d 140 [39 P.2d 466]. In this case there was a recital in the amending order to the effect that a mistake had been made in the omission of the grounds from the original order. The decision indicates that it is for the trial court to determine the character of the error and then points out that there was no evidence in the record to contradict the trial court's recital.

However, a little later, we find a tendency to retreat from this position and to circumscribe the power of the trial court to determine the nature of the error. Thus, in *Stevens* v. *Superior Court*, 7 Cal.2d 110 [59 P.2d 988], the trial court on its own motion made an order vacating and setting aside its original order denying a new trial, and granting a new trial on damages alone. In its second order, the court stated that by reason of "neglect, oversight, accident and mistake in the reading of . . . [a certain waiver] and conclusion as to its effect" the court had "inadvertently and improvidently" made the original order. In view of this recital the court held the error to be judicial and not clerical. In its opinion, it set forth instances of what have been held to be clerical errors : cases where the order as entered by the clerk is not the order made by the court; where the court failed to express its intention by the order actually made; where there was an irregularity which made the order or judgment premature; where the court was ignorant of some fact material to the action taken by it.

*Kohlstedt* v. *Hauseur,* 24 Cal.App.2d 60 [74 P.2d 314], is indicative of the uncertainty during this period. There the conclusions of law recited that plaintiff was entitled to judgment against defendant Hauseur alone. Thereupon judgment was entered against him and in favor of all other defendants. Several months later, on an ex parte application by plaintiff, the court amended its judgment to give judgment *nunc pro tunc* against the defendant Gold as well as against defendant Hauseur. On appeal it was held (p. 62): "It is for the judge who made the original decision to decide whether the judgment as written expresses his decision." This decision was based on *Livesay* v. *Deibert, supra,* and other cases. One of the judges dissented, holding that the error was judicial and could not be corrected. The broad language used by the majority was disapproved in the *Estate of Burnett,* 11 Cal.2d 259 [79 P.2d 89]. There a will and codicil had been admitted to probate in 1929. After a decree of distribution had been made and while an appeal therefrom was pending, the probate court, based upon an affidavit of the county clerk to the effect that the order admitting the will and codicil to probate was incorrect, and that the order actually made by the court had denied the will admission, made an order *nunc pro tunc* denying the will admission but admitting the codicil and another will which was on file at the time of the original order. On appeal, in holding that the probate court had no power to make the amending order, the court said (p. 262): "The recital in the order made *nunc pro tunc* that a clerical error had crept into its first order is not conclusive of either the fact or the nature of the error (*Stevens* v. *Superior Court, supra,* p. 113 [7 Cal.2d 110]), although where such an order rests upon evidence in which there is a substantial conflict, it will not be disturbed upon appeal. (*Kaufman* v. *Shain,* 111 Cal. 16 [43 P. 393, 52 Am.St.Rep. 139].) But where the facts upon which the court acted are undisputed and only one conclusion can be drawn from them, the appellate court is not bound by the order made below. Any statement to the contrary in the case of *Kohlstedt* v. *Hauseur,* 24 Cal.App.2d 60 [74 P.2d 314], was inadvisedly made and is disapproved."

In *Felton Chemical Co.* v. *Superior Court,* 33 Cal.App.2d 622 [92 P.2d 684], in holding void an attempted amendment *nunc pro tunc* of a judgment, the court said (p. 628): "The fact that the trial court might even declare in the amendatory order that the error sought to be corrected was a clerical mis-

prison does not help matters when, as here, the situation upon its face shows that the error was nothing of the sort . . .''

In *Bastajian* v. *Brown,* 19 Cal.2d 209 [120 P.2d 9], the Supreme Court seemed to revert to the view giving the trial court the determination of the character of the error. In that case, at the end of the trial, a minute order was made ordering judgment for defendants. A year expired during which no findings or conclusions were submitted. Finally plaintiff's attorney submitted findings which were in his favor on an important issue. These, and a judgment based thereon, were signed by the judge. Over a month later defendants made a motion to vacate the findings and judgment on the grounds that by clerical mistake they did not conform to the true judgment rendered by the court, and that a fraud and deception had been practiced on the court. On the hearing the court found that they did not conform to the judgment rendered by it, had been obtained through fraud and deception, and vacated the findings and judgment. In holding that the error was clerical and not judicial the court said (p. 215) : ''The trial court's finding upon conflicting evidence that a clerical error exists and the nature thereof, is conclusive upon this court.'' However, it is to be noted that the court also said (p. 215) : ''The facts within the personal knowledge of the judge may be considered, and in vacating or correcting a clerical error or mistake he may give effect of his own recollection. *The declaration in the order vacating the judgment has a direct bearing on the existence of such error.* [Citing cases.] *The record is not lacking in evidentiary support of the judge's declaration.*'' (Emphasis added.)

In the cases cited by respondents in support of their contention that it is to be presumed that the trial judge was merely correcting a clerical error, it is interesting to note that there was something in the record other than the mere fact of amendment upon which to base the finding of the trial court that the error was a clerical one. Thus, in *Livesay* v. *Deibert, supra,* 3 Cal.App.2d 140, the amending order stated that it was being made by the clerk ''as per letter'' (p. 143) of the judge who made the original order. This letter stated that the grounds for granting the new trial were inadvertently omitted from that order. In *King* v. *Emerson,* 110 Cal.App. 414 [288 P. 1099, 294 P. 768], the order correcting the order granting a new trial to set up the grounds of insufficiency of the evidence, expressly stated that the original order did not correctly set forth the order as made and that

the correction was being made "to conform to the facts and speak the truth." (P. 419.) In *Kohlstedt* v. *Hauseur, supra,* 24 Cal.App.2d 60, there was filed with the application to amend the judgment an affidavit of counsel, "to which was attached a transcript of the trial judge's remarks at the close of the trial." (P. 61.) Again, in *Harman* v. *Cabaniss, supra,* 207 Cal. 60, the trial court declared that it wanted to correct a clerical error. We have been unable to find any case where it has been held that the making of the second order alone requires this court to presume that it is made to correct a clerical error, where the record shows it to be an attempt to correct a judicial error.

From these cases, it appears that the rules to be followed in determining whether an error is clerical or judicial so that the court may have the power to correct it by amendment, are as follows: (1) No serious problem is involved where the correction is to include a matter inadvertently omitted, such as the grounds for granting a new trial, or where the error is plainly clerical. (2) The serious problem arises where the amendment is substantially different from the original order or substantially changes the rights of the parties. In such cases, if the court is purporting to correct a clerical error, it should say so, or there should be something in the record to show it. (3) Where there is conflicting evidence as to whether the error was clerical, the reviewing court will probably accept the conclusion of the trial court. (*Bastajian* v. *Brown, supra,* 19 Cal.2d 209.) If the record shows clearly that there was no clerical error, the recital by the trial court will not be conclusive. (*Estate of Durnett, supra,* 11 Cal.2d 259.)

▪ In the case at bar, there is no evidence in the record to show that there had been a clerical error. Formal findings of fact and conclusions and a judgment were entered. This final judgment was later followed by what appears to be another final judgment. On the face of the record, therefore, an attempt is being made by the second judgment to correct judicial errors in the first. This the court had no power to do. The second judgment is void and of no effect.

In view of our decision, it becomes unnecessary to consider the point raised by appellants that, as in the void order the trial court found that one of the counts was factually supported, it had no power to remand the cause.

The order appealed from is reversed and the trial court is directed to strike it from the records.

Peters, P. J., and Ward, J., concurred.