[Civ. No. 1622.  Fourth Appellate District.—April 14, 1937.]

ESTHER KELLER, Respondent, v. ARTHUR W. CLEAVER, Appellant.

Drumm, Tucker, Martell & Drumm for Appellant.

Joe Wapner and McFadden & Holden for Respondent.

BARNARD, P. J.—This is an action for the support of a minor, brought pursuant to section 196 (a) of the Civil Code. The action was tried before Honorable H. G. Ames, a judgment for the defendant being entered on May 10, 1935. Notice of intention to move for a new trial on all statutory grounds was filed by the plaintiff on May 28th. In the absence of Judge Ames the motion for a new trial was heard on July 11, 1935, by Honorable J. O. Moncur. On July 12th, Judge Moncur signed and filed what is denominated an opinion, and which reads as follows:

"The above entitled matter is before the court on motion for a new trial after judgment rendered by the court in favor of the defendant, and the plaintiff is seeking a new trial. Not being the judge who tried the case, and not having the opportunity of seeing the witnesses, it is recognized both by me and by counsel on both sides that much difficulty is entailed in endeavoring to secure a proper grasp upon the necessary and material facts to enable the court to fairly determine whether a new trial should be granted.

"The nature of the action is one which necessarily involves alleged very close personal relations and is one of the class

of actions in which there is a chance that no matter how conscientiously and fairly a court may endeavor to determine it, yet, nevertheless, there exists a possible result that in such determination a grave injury may be done one way or the other. I have endeavored in the brief time accorded to me to secure the best possible understanding necessary to secure a fairly adequate understanding upon which the determination of the question as to whether the motion for a new trial should or should not be granted.

"Counsel on both sides have apparently with entire fairness presented their respective views, and I am satisfied have endeavored to assist the court in every way possible under the circumstances in reaching a conclusion in the matter.

"After hearing the arguments, reading the depositions and reviewing such evidentiary matter as was available, I have reached the conclusion that a new trial should be granted in this case. In so ordering, no intimation is intended that the trial judge in reaching the conclusion which he did was not actuated by a very fair and impartial judgment of the weight of the evidence, the credibility of the witnesses or of the law; nevertheless, a practically inescapable conclusion seems forced upon me that the interests of justice in such a case as this can best be subserved by a retrial of the case, and particularly in order that in such a case as this a great injury may possibly not be done to one party or the other as a retrial may demonstrate."

On July 23d, the plaintiff gave notice to the defendant that the court had, on July 12th, made and entered an order granting to the plaintiff a new trial. It is conceded that no formal order granting a new trial was entered by the clerk. On July 31st the defendant filed notice of appeal from this order with a request for a transcript. On August 26th Judge Moncur signed an order which was filed August 29, 1935, reading as follows:

"WHEREAS, a motion for a new trial was made by plaintiff in the above entitled case on or about July 11, 1935, and

"WHEREAS, the matter was duly argued by counsel for the respective parties hereto and submitted to the Court for its decision, and

"WHEREAS, the court on or about July 12th, 1935, decided the same, and

"WHEREAS, through an inadvertence a formal order on the hearing of said motion was not made or entered, IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, that the following order be entered by the clerk of the above entitled court *nunc pro tunc* as of July 12th, 1935, to-wit:

"IT IS HEREBY ORDERED, that the motion for a new trial heretofore made by plaintiff be, and the same is hereby granted on the grounds that the evidence adduced at the trial of the cause was insufficient to justify the judgment."

The defendant appealed from this order and requested the preparation of a record. The two appeals have been consolidated and submitted upon one transcript and one set of briefs, with certain supplemental briefs.

The appellant contends that the so-called opinion filed on July 12th, is not an order granting a new trial, that the order of August 29th was filed after the statutory time, and that, therefore, no order granting a new trial has ever been entered.

It is well settled that while judicial errors, in connection with the entry of such an order, may not be corrected after the expiration of the statutory time, clerical errors resulting in a failure to enter an order which was actually made may be thus corrected. If, in the instant case, the judge hearing the motion had stated orally in open court that he had reached the conclusion that a new trial should be granted we think it would have been the duty of the clerk to enter such an order. It plainly appears from the so-called opinion that it was the intention of the court to order a new trial. While the opinion, in itself, was not a formal order to that effect it was sufficient to authorize the clerk to enter the order, and the failure of the clerk to do so was a clerical error. Under these circumstances, the *nunc pro tunc* order was proper for the purpose of correcting this clerical error and it cannot be said that no order granting a new trial was entered.

The next question is as to the nature of the order granting a new trial; that is, whether the effect thereof is to grant a new trial because of errors of law only or on the additional ground of insufficiency of the evidence. Under section 657 of the Code of Civil Procedure it must be presumed that an order granting a new trial is not based upon the ground of insufficiency of the evidence unless that ground is specified in the order. That ground is not specified in the so-called opinion filed on July 12th, but is included in the order

filed on August 29th. The question presented is whether the latter order is to be taken, in this respect, as merely curing a clerical error and not as an attempt to cure a judicial error.

A similar question has been decided in a number of cases which are discussed in *Livesay* v. *Deibert*, 3 Cal. App. (2d) 140 [39 Pac. (2d) 466]. In that case all presumptions were taken in favor of the order and it was held that, under the circumstances there appearing, in the absence of evidence to the contrary, it must be presumed that the trial judge found the error in question to be his own clerical error. In that case, not only did the trial judge know what was in his mind when he directed the entry of the original order but, having tried the case, he had full knowledge of all of the evidence. In the instant case the judge who heard the motion for a new trial had not heard the evidence, had not seen the witnesses, and apparently did not even have a transcript of the evidence before him. Under such circumstances, the usual presumption that a trial judge has a better opportunity to weigh evidence than is afforded to one who is reviewing a written record could not apply. It may be observed, in this connection, that so far as shown by the written record before us the preponderance of the evidence is in favor of the defendant and it is hardly possible to presume therefrom that the judge hearing the motion for a new trial would consider the same insufficient to justify the judgment. In deciding the motion for a new trial, if the so-called opinion is to be taken as deciding that motion, the judge gave his reasons and disclosed what was in his mind at the time and we are not left to conjecture or presumption with respect thereto. If this instrument, filed on July 12th, is to be taken as a direction for the entry of an order granting a new trial, and otherwise no such direction was made within the time allowed, we think it affirmatively appears therefrom that the direction to enter the order was not made upon the ground that the evidence was not sufficient to justify the judgment. After recognizing that he is handicapped by not having seen the witnesses and heard the evidence, and stating that the nature of the case was such as to make it possible that an injustice might be done no matter how fairly and conscientiously the matter might have been determined by the trial court, the judge goes on to say that he has reached the conclusion that a new trial should be granted. He then proceeds to state that in so ordering he

does not intend to intimate that the trial judge, in deciding the case, was not actuated by a very fair and impartial judgment as to the weight of the evidence. In effect, he then declares that, in spite of this, he believes that the interests of justice in such a case as this can best be subserved by a retrial. We think the instrument thus filed discloses that this judge did not at the time consider the evidence insufficient to justify the judgment. In this "opinion" he plainly indicates that he considers the evidence sufficient to sustain the judgment, but that "nevertheless" he thinks a new trial may demonstrate that an injury has been done. Having practically stated that he did not find the evidence insufficient, it must be taken that he was granting the motion on other grounds. The order filed on August 29th states that through inadvertence a formal order had not been made or entered, but contains no intimation that a clerical error had been made by the judge in reducing his intention to writing. With the evidence before us as to what was in the mind of the judge on July 12th, when the opinion was filed, we cannot presume that something else was in his mind and that in making the order of August 29th he was determining that he had made a clerical rather than a judicial error in writing his "opinion". The record speaks for itself and there is not even a presumption to contradict it. We therefore hold that the order of August 29th was void and ineffective in so far as it attempted to add the specification of the insufficiency of the evidence as a ground for granting the motion for a new trial.

The only remaining question is whether the order granting a new trial may be sustained on the ground of errors of law. The respondent first asserted a claim of such errors in the last brief she filed, which sets forth sixteen specifications of error in sustaining and overruling objections to questions asked of witnesses and in denying motions to strike out portions of the answers to certain questions. All of the matters thus raised are trivial in nature, almost no argument is presented in support thereof, and in most instances inadequate quotations from or references to the transcript are made. We have, however, examined the surrounding portions of the transcript in an effort to discover what points are raised and what basis therefor exists.

Because the rulings referred to in the others are so obviously correct as not to require comment, we will consider here only four of these specifications of error. Specification No. 12 is as follows:

"Mr. Wapner: Q. What was the reason that you took a gentleman with you to the Pig'n Whistle Cafe to admonish Miss Keller?

"Mr. Tucker: I object to that as calling for a conclusion of the witness, incompetent, irrelevant and immaterial and argumentative.

"The Court: Sustained."

This question was asked of the wife of appellant. It is argued that this question went to the credibility of the witness and "if appellant's wife went to the cafe only to inform respondent that she had ascertained that she was a 'bad girl' why was it necessary to take a total stranger with her"? This argument discloses the purpose of the question. The witness had testified that she took a man with her to the restaurant. The argument now made could have been made in its proper place without an answer to the question, and no possible injury could have accrued to the respondent from the sustaining of the objection. The thirteenth specification is as follows:

"Q. Will you tell us how those privileged communications got into the hands of Mr. Cleaver's Attorneys?

"Mr. Drumm: We object to that as incompetent, irrelevant and immaterial.

"Mr. McFadden: I think it is very competent.

"The Court: The objection is sustained."

The only argument made is that the question goes to the credibility, the bias and prejudice of the witness. We are not even told who the witness was or what the privileged communications were. However, an examination of the transcript discloses that the witness was a doctor who was asked concerning his records and his previous examination of the respondent. The court stopped the appellant from going into these matters upon the first objection made by the respondent. Thereafter the respondent made this effort to bring the matter up again. Under the circumstances, no error appears. The fourteenth specification is as follows:

"Q. Would there be any general relation between the general condition of a man's health, or Mr. Cleaver's at that time and impotency?

"Well, its well known after the age of fifty many men are even then impotent who are not diseased and here is a patient who has stomatitis, endocarditis, arthritis of the spine and a hypertrophied prostate and a certain of sugar in his blood, all of which counts against being potent.

"Q. What is hypertrophy?

"Mr. Wapner: I move that the answer, except the last portion be stricken out as not responsive to the question. He refers to men of fifty without disease being impotent, that is not material."

The only argument here made is that "the condition of a man of 50 or more is wholly immaterial". The appellant was 71 years of age at the time here in question and it is fully apparent that the question was sufficiently related to him and his particular condition. Moreover, the motion to strike the answer was made on the ground that the same was not responsive to the question, which ground was not available to the respondent at the time of the trial, which occurred in March and April, 1935. (*People* v. *Sieber,* 201 Cal. 341 [257 Pac. 64].) The sixteenth specification is as follows:

"By Mr. Wapner: Q. In maintaining a record of a patient is it or is it not the usual custom and practice of doctors to record both positive and negative findings?

"Mr. Drumm: Just a minute, we object to that as incompetent, irrelevant and immaterial, not tending to prove or disprove anything in this case.

"The Court: Objection sustained."

It is argued that this question went to the credibility of the witness. Whether or not there was such a custom and whether or not it was followed by this particular doctor might have slightly affected the weight of his testimony, but it is difficult to see how it could affect his credibility as a witness. This doctor was thoroughly cross-examined and, in view of the record of that cross-examination, the matter suggested by the question appears to have been immaterial.

The nature of the sixteen specifications of error set forth by the respondent strongly suggests that this trial, which lasted a number of days, was perhaps unusually free from error. Most of the rulings complained of were obviously cor-

rect, all relate to matters which were largely, if not entirely, immaterial, and no possible error thus appearing could be assumed to have affected the result under all of the evidence shown by the record.

The orders appealed from are reversed.

Marks, J., and Jennings, J., concurred.