[Civ. No. 1658.   Fourth Appellate District.—January 6, 1937.]

GEORGE H. ANDERSON, Respondent, v. A. J. FAR-QUHAR et al., Appellants.

Wilson & Coughlin for Appellants.

Albert Launer and Elmer R. Guy for Respondent.

BARNARD, P. J.—This is an appeal from an order granting a motion for a new trial.

The plaintiff was driving an automobile along a street in the city of Redlands. The evidence is in conflict as to whether he was driving near the center of this street or near the right-hand curb. The defendant D. Glann Farquhar, driving a truck, approached from the plaintiff's rear and passed on his left-hand side. There is evidence to the effect that the defendant cut in before he had completely passed the plaintiff's car in such a manner that the right rear wheel of the truck struck the left front wheel of plaintiff's car, as a result of which the plaintiff lost control of his car and the same passed over the curb, striking a tree and causing the injuries complained of. A jury rendered a verdict in favor of the plaintiff in the sum of $400. The plaintiff moved for a new trial, which motion was granted and this appeal followed.

At the hearing of the motion for a new trial counsel for the plaintiff stated that his only serious contention was that the damages were wholly inadequate, that the evidence did not support the verdict in that respect, and that the language contained in one particular instruction was incorrect. The court took the motion under submission and, on June 17, 1936, the following minute order was entered: "Motion for new trial is granted." On June 27, 1936, the defendant appealed from that order and on June 30, 1936, the court made the following order:

"Motion for new trial having heretofore been granted, it being the intention of the Court that said motion be granted on the grounds of inadequacy of damages awarded and that minute order granting same did not specify any particular grounds it is ordered that minute order be and the same is hereby amended to read as follows: 'Motion granted on the grounds of insufficiency of the evidence to sustain the verdict.'"

The main point requiring consideration is whether the court had authority to make and enter the order of June 30, 1936. While the appellant concedes that courts may

correct clerical errors in their orders so as to make them speak the truth it is contended that the second order here made was an attempt to correct a judicial error, and, as such, was one which the court was without power to make. It is argued that there is nothing on the face of the second order to impeach the correctness of the first order, that the second order refers to the intention of the court on the date it was entered rather than at the time the original order was made, that the second order fails to state that any error had been made in entering the first order, and that this case necessarily falls within the rules laid down in *Drinkhouse* v. *Van Ness*, 202 Cal. 359 [260 Pac. 869].

As was said in *Carter* v. *J. W. Silver Trucking Co.*, 4 Cal. (2d) 198 [47 Pac. (2d) 733]: "The facts and circumstances in which the order was made in the instant case are radically different in substance from the situation presented in *Drinkhouse* v. *Van Ness.*" While the language of the order here in question is far from perfect we think it sufficiently appears therefrom that the intention of the court referred to was its intention at the time the first order was made and that the second order was entered because the minutes did not correctly set forth the original order. While the second order uses the word "amended" instead of the word "corrected" it may be gathered from its face that its purpose was to correct the first order for the reason that the same had failed to express the intention of the court. The language used in the second order amounts to a statement that the order, as originally intended, was not expressed in the minutes. In effect, the wording of the second order amounts to a recital of inadvertence in the entering of the first order.

As was said in *Livesay* v. *Deibert*, 3 Cal. App. (2d) 140 [39 Pac. (2d) 466]:

"The later order must be taken as the decision of the judge that the error was clerical and not judicial. The situation calls for the application of the rule that 'all presumptions not contradicted by or inconsistent with the record are in favor of the correctness of the judgment.' (*Lyons* v. *Roach*, 84 Cal. 27 [23 Pac. 1026].) And, as stated in *Davis* v. *Lezinsky*, 93 Cal. 126 [28 Pac. 811], 'however this may be, the presumption is that the judgment is correct until proved otherwise; and the burden of overcoming this pre-

sumption is upon the appellant. He does not shift or discharge the burden by merely showing an apparent inconsistency in the recitals, which may as well be reconciled in favor of the judgment as against it. In other words, if the recitals read together are as susceptible of a construction which will sustain the judgment as of a construction which will defeat it, the presumption in favor of the judgment requires that the former construction be adopted.'

"It was for the trial judge to determine whether the order was complete and all that he intended it to be or whether it was deficient. If the mistake was clerical, it could be corrected. If it was judicial, it could not be. It must be presumed that he found it to be his own clerical error; otherwise he would have had no right to make the second order. The facts were completely and solely within his own knowledge. He alone knew whether a mistake had been made and how it had been made. He had a right to rely upon his own memory (*King* v. *Emerson,* 110 Cal. App. 414 [288 Pac. 1099, 294 Pac. 768]), and his determination of the fact is conclusive. (*People* v. *Curtis,* 113 Cal. 68 [45 Pac. 180] ; *Kaufman* v. *Shain,* 111 Cal. 16 [43 Pac. 393, 52 Am. St. Rep. 139] ; *Harman* v. *Cabaniss,* 207 Cal. 60 [276 Pac. 569].) This disposes of the claim that the second order was an afterthought or an attempt to correct a judicial error. It follows that the fact was as stated in the amending order and that that order attempted to do no more than correct the record to make it speak the truth."

Under the circumstances here appearing we think this case falls within the rules laid down in the case last cited and the cases therein reviewed.

▉ It is further argued that in any event the order granting a new trial was erroneous for the reason that the evidence conclusively shows, as a matter of law, that the respondent was guilty of contributory negligence and that the appellants were guilty of no act of negligence. It not only appears from the evidence, even as stated by the appellants, that these were both questions of fact and not of law, but it further appears that there was a decided conflict in the evidence on both points and it is well settled that where such a conflict appears the discretion exercised by a trial court in granting a new trial on the grounds of the insufficiency of the evidence will not be reviewed upon

appeal. (*Lauchere* v. *Lambert,* 210 Cal. 274 [291 Pac. 412].)

The order appealed from is affirmed.

Jennings, J., and Marks, J., concurred.