[Civ. No. 5965.   Fourth Dist.   Feb. 6, 1959.]

STEWART BRAY et al., Respondents, v. JULIAN H. ROSEN, Appellant.

*Assigned by Chairman of Judicial Council.

Miller, Nisson, Kogler & Wenke and William F. Wenke for Appellant.

Jacobs, Jacobs, Hayden & Nelson for Respondents.

SHEPARD, J.—This is an appeal by defendant from an order granting a new trial on the subject of damages alone. Plaintiff Retha Bray claimed whiplash injuries resultant from defendant's car striking the rear of the car in which she was riding. Defendant admitted liability but contested the amount of damages. A jury awarded damages in the amount of $5,000 to plaintiff against defendant. Plaintiff moved for a new trial on damages alone.

The notice of intention to move for a new trial gives as the grounds upon which said motion will be based:

"1. Misconduct of the jury.

"2. Inadequate damages, appearing to have been given under the influence of passion or prejudice.

"3. Insufficiency of the evidence to justify the verdict and judgment and that they are against the law.

"4. Error in law, occurring at the trial and excepted to by the party making the application."

The court granted the motion and the only order appearing of record reads as follows:

"Motion for new trial having been taken under advisement and the Court having studied same, the Court now grants motion for new trial on damages only."

There is no transcript of the argument on motion for a new trial.

Defendant in his appeal contends that the order is erroneous in that there was no misconduct of the jury and there was no error in law occurring at the trial and excepted to by the party making the application. The ground listed as inadequate damages appearing to have been given under the influence of passion or prejudice is not a ground separately recognized by our statute as independent of the ground of "insufficiency of the evidence to justify the verdict and judgment and that they are against the law."

Plaintiff offered no affidavit in support of the ground of alleged misconduct of the jury. In her brief she does not point out any instances of such misconduct. This court's examination of the record does not disclose to us any such misconduct.

The plaintiff has not pointed out any "error in law, occurring at the trial and excepted to by the party making the application," and we have been unable to find any such error of a prejudicial character in our perusal of the transcript of the proceedings.

■ The ground set forth as "inadequate damages, appearing to have been given under the influence of passion or prejudice" is not in accordance with the statute and may be reached only under the ground of "insufficiency of the evidence to justify the verdict and judgment and that they are against the law." (*Bakurjian* v. *Pugh*, 4 Cal.App.2d 450, 452 [3] [41 P.2d 175]; *Lambert* v. *Kamp*, 101 Cal.App. 388, 390 [2] [281 P. 690]; *Ice-Kist Packing Co.* v. *J. F. Sloan Co.*, 157 Cal.App.2d 695, 696 [1] [321 P.2d 840].)

■ The ground "insufficiency of the evidence to justify the verdict and judgment and that they are against the law" in reality divides itself into two parts. First is the insufficiency that arises in the mind of the trial judge when he weighs the conflicting evidence and finds that which supports the verdict and judgment weighs, in his opinion, less than that which is opposed to it. (*Peri* v. *Culley*, 119 Cal.App. 117, 120 [3] [6 P.2d 86]; *Harper* v. *Superior Air Parts, Inc.*, 124 Cal.App.2d 91, 94 [4] [268 P.2d 115].)

■ The second portion of this clause, that is, "that they are against the law," includes the kind of a situation wherein "the findings are so inconsistent, ambiguous and uncertain that they are incapable of being reconciled and it is impossible to tell how a material issue is determined," and those cases in which "the evidence is insufficient in law and without conflict in any material point." But the words "against the law" do not import a situation in which the court weighs

conflicting evidence and merely finds a balance against the judgment. (*Renfer* v. *Skaggs*, 96 Cal.App.2d 380, 382 [1] [2] [215 P.2d 487]; *Hawkinson* v. *Oesdean*, 61 Cal.App.2d 712, 716 [2] [143 P.2d 967].)

■ Plaintiff contends that the verdict and judgment is against the law and apparently seeks to assert that there was no conflict in the evidence as to the amount of damage sustained. With this we are unable to agree. The plaintiff was in the court room and took the witness stand. She was herself physical evidence in the case. Her manner of testifying and the coherence and logic of her testimony were matters for the jury to weigh. There was a sharp conflict between plaintiff's and defendant's witnesses as to the weight of the blow struck on the rear of plaintiff's automobile. There was some divergence between plaintiff's witnesses on this same point. There is no way for us to know what the jury thought about some of the missing figures on the payroll records testified to on behalf of plaintiff. The medical testimony presented an osteopathic physician for plaintiff and a neuro surgeon specialist for defendant. Their background of training was somewhat different. The defense witness testified that he "thought she would be able to do the work—average work—of a woman her age." He also reported that she had said to him that she had been working in her husband's business. He was unable to report any objective finding of injury to the neck. He said what he did find was not consistent with whiplash injury. He said he believed there was some injury to the back but did not know the cause. ■ The jury looked at the bumper which was claimed to have been damaged. Such viewing was itself evidence. (*Owsley* v. *Hamner*, 36 Cal.2d 710, 720 [7] [227 P.2d 263, 24 A.L.R.2d 112]; *Nunneley* v. *Edgar Hotel*, 36 Cal.2d 493, 501 [6] [225 P.2d 497].) We have thus recited but a few of the numerous points in which the jurors' minds could have taken divergent views from a reasonable view of the evidence. In this kind of a situation we cannot say that the verdict and judgment were against the law.

■ The last paragraph of section 657, Code of Civil Procedure, reads as follows:

"When a new trial is granted, on all *or part* of the issues, upon the ground of the insufficiency of the evidence to sustain the verdict or decision, the order shall so specify this in writing and shall be filed with the clerk within ten days after the motion is granted; otherwise, on appeal from such order it will be conclusively presumed that the order was not based

upon that ground. The court may direct a party to prepare the order.'' (Emphasis ours.)

Thus, the failure of the trial court to specify insufficiency of the evidence as a ground for granting a new trial forecloses the appellate court from considering that as a ground. (*Malloy v. Fong*, 37 Cal.2d 356, 376 [16] [232 P.2d 241] ; *Verzola v. Russi*, 135 Cal.App.2d 330, 331 [1] [287 P.2d 166].)

This rule is interpreted liberally so that if the language used is reasonably susceptible of being interpreted as an intent to grant a new trial on account of the insufficiency of the evidence to sustain the verdict, or if it may be fairly inferred from the language used that such was the ground upon which the order was made, it will be held that the order sufficiently complies with the portion of section 657 hereinbefore quoted. Thus, no particular words or language is required if the nature of the order itself is such that it can reasonably be construed as including insufficiency of the evidence. (*Legg v. Mutual Benefit H. & A. of Omaha*, 136 Cal.App.2d 887, 891 [289 P.2d 550, 290 P.2d 87] ; *Van Ostrum v. State*, 148 Cal. App.2d 1, 4 [1] [306 P.2d 44].)

Unfortunately for plaintiff's contentions, however, it will be seen from the procedural facts hereinbefore related that the motion in the case at bar was for a new trial on the ground of damages only and cited as the reasons therefor five different grounds, among which was insufficiency of the evidence. Thus, in the case at bar, there is no possible means by which this court can accurately say that the trial court in its purely generalized order did not base its order on misconduct of the jury or errors in law occurring at the trial, and excepted to by the party making the application. Nor can we tell whether or not the trial court felt that one of these matters had misled the jury and that for that reason the damages were too much, or too little. The decision may not be made in this court by mere surmise, and we cannot rewrite the portion of section 657, Code of Civil Procedure, that is above quoted.

The order granting a new trial is reversed.

Mussell, Acting P. J., and Stone, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.