[Civ. No. 9410. Third Dist. Feb. 6, 1959.]

JAMES CASTERLINE et al., Plaintiffs and Appellants, v. MARY ELLEN YOUNG, Defendant and Appellant.

J. Adrian Palmquist and Francis T. Cornish for Plaintiffs and Appellants.

Rich, Fuidge & Dawson for Defendant and Appellant.

VAN DYKE, P. J.—This action was brought by plaintiffs to recover for damage suffered in a traffic accident. Trial to a jury resulted in a defense verdict. Plaintiffs moved for a new trial upon all statutory grounds. A new trial was granted and defendant appeals. Plaintiffs have cross-appealed from the judgment entered upon the verdict.

After submission of the motion for a new trial, the court filed a document entitled "Memo on Motion for a New Trial" wherein the court stated:

"Plaintiffs have filed herein their Motion for New Trial upon all of the statutory grounds and in particular have devoted much of their argument to claimed misconduct upon the part of defense counsel while arguing the case to the jury wherein reference was specifically made to the fact that the Defendants carried liability insurance in a specified amount.

It is unfortunate that the subject of insurance crept into the case at all and no doubt it was due, to some extent at least, to the sparring back and forth between counsel in their arguments.

"However, this injected issue, standing alone, would not appear to be too important although it could have had some effect with the jury, but entirely separate and apart therefrom arises in the Court's mind a more serious question as to the weight, sufficiency and probative force of the evidence, including the evidentiary value of the physical facts, to justify the verdict which the jury returned.

"Under such circumstances, it becomes the duty of the Court to set aside such verdict and grant a new trial.

"Therefore, the motion will be granted, and counsel may prepare an order accordingly."

On the day the foregoing document was filed, the clerk entered the following in his minutes:

"Plaintiffs' motion for a new trial in the above entitled action having been heretofore argued, submitted and by the Court taken under advisement and now the Court having duly considered the evidence and being fully advised in the premisese finds [files] its opinion and ordered that said motion for a new trial be, and the same hereby is granted."

Appellant contends, first, that under the provisions of section 657 of the Code of Civil Procedure it cannot be said the court granted the new trial upon the ground of the insufficiency of the evidence and, second, that the record will not support the granting of a new trial upon any other ground.

Section 657 of the Code of Civil Procedure provides:

"When a new trial is granted, on all or part of the issues, upon the ground of the insufficiency of the evidence to sustain the verdict or decision, the order shall so specify this in writing and shall be filed with the clerk within ten days after the motion is granted; otherwise, on appeal from such order it will be conclusively presumed that the order was not based upon that ground."

We think the rule which must govern the decision on this appeal is well stated in *Legg* v. *Mutual Benefit H. & A. of Omaha*, 136 Cal.App.2d 887, 891 [289 P.2d 550, 290 P.2d 87]:

"It is well settled that when the order provides simply that a new trial is granted, such order is a general one and does not include insufficiency of the evidence . . . 'The statute,' however, 'does not require that the order specify

insufficiency of the evidence to sustain the verdict in any particular words or language. If the language used is susceptible of being interpreted as tantamount to granting a new trial on account of the insufficiency of the evidence to sustain the verdict, or if it may be inferred from the language used that such was the ground upon which the order was made, it is uniformly held to have been based upon that ground. ▮ Where the nature of the order itself necessarily implies that the trial court deemed it necessary to re-examine the facts, a statement in the order that the evidence is insufficient is not essential. ▮ When the order granting the motion goes beyond a mere general order (a new trial is granted) and uses any language that reasonably can be construed as including insufficiency of the evidence, the language will be interpreted as including that ground.' "

▮ The language used in the minute order sufficiently indicates that the new trial was granted upon the ground of the insufficiency of the evidence. It clearly recites that the court, in determining the motion, had considered the evidence. It went well beyond the general order and we think sufficiently disclosed that the basis of the order granting a new trial included the court's determination that it ought to be granted upon the ground of insufficiency of evidence. ▮ If there be any doubt as to the proper interpretation of the language of the minute order as entered by the clerk, the document signed and filed by the court and referred to in the minute order may be referred to for purpose of interpretation. (See *City of Daly City* v. *Smith*, 110 Cal.App.2d 524, 529 [243 P.2d 46] ; *People* v. *One 1951 Ford Sedan*, 122 Cal. App.2d 680, 683 [265 P.2d 176].) What is said in that document could hardly be more plain to the point that the trial court was ordering a new trial upon the ground of insufficiency of the evidence. Said the court in that document: "Entirely separate and apart therefrom arises in the Court's mind a more serious question as to the weight, sufficiency and probative force of the evidence, including the evidentiary value of the physical facts, to justify the verdict which the jury returned." This language is clearly the origin of the language used by the clerk in entering the minute order wherein he recites that the court has duly considered the evidence.

The record on appeal shows that the evidence was much in conflict. The record clearly affords support for an order granting a new trial upon the insufficiency of the evidence.

For the reasons given the order appealed from is affirmed. Since the affirmance of the order granting a new trial will automatically vacate the judgment from which respondents have appealed, that appeal is dismissed. (See *Lee* v. *Cranford*, 107 Cal.App.2d 677, 681-682 [237 P.2d 986].)

Peek, J., and Schottky, J., concurred.