[Civ. No. 17904.    First Dist., Div. Two.    Mar. 2, 1959.]

BETTY MAE HUNTLEY et al., Respondents, v. COUNTY OF SANTA CLARA et al., Defendants; CENTRAL FIRE PROTECTION DISTRICT OF SANTA CLARA COUNTY et al., Appellants.

Hoge, Fenton, Jones & Appel, Edwin D. Jones, Jr., and Joan Symon for Appellants.

Boccardo, Blum, Lull, Niland & Teerlink and Edward J. Niland for Respondents.

DRAPER, J.—Jury verdict in this wrongful death action was for defendants. Plaintiffs' motion for new trial was granted upon the ground of insufficiency of the evidence to justify the verdict. (Code Civ. Proc., § 657, subd. 6.) Defendants appeal from this order.

Decedent, husband and father of plaintiffs, died as the result of collision of his pickup truck with a fire truck of defendant district. The accident occurred a few minutes before 6 p. m.

February 26, 1955, a rainy day. The truck, occupied only by driver Aiello, had returned from an alarm to the fire station located on the south side of the Los Gatos-Saratoga Road. Aiello stopped the truck east of the fire station and partly on the highway, the two eastbound lanes of which lie to the south of a planted divider strip. To back the truck into its stall in the station, Aiello turned his front wheels about a quarter turn to the right. He opened the left door and looked westward, seeing no vehicle between himself and the crest of the hill about 300 yards away, turned his view to the right rear-view mirror in order to maneuver the truck to its proper position, and backed up at a speed of 2 to 3 miles per hour. Some 10-15 seconds after he began to back, he felt the impact of collision of decedent's eastbound pickup with the fire truck. There was no eyewitness. Position of the two vehicles immediately before the accident, speed of decedent's vehicle, and most of the other facts directly bearing upon the cause of the collision were the subject of inferences. Since the fire truck was moved slightly before measurements were made, there is even dispute as to the point of impact.

■ An order granting new trial upon the ground of insufficiency of evidence can be reversed only where there is no evidence which would support a judgment in favor of the moving party. (*Hawk* v. *City of Newport Beach,* 46 Cal.2d 213, 219 [298 P.2d 48] ; *Richardson* v. *Ham,* 44 Cal.2d 772, 775 [285 P.2d 269]; *Estate of Green,* 25 Cal.2d 535, 542 [154 P.2d 692].) ■ Weighing of the evidence upon such motion is the exclusive province of the trial court, which may draw inferences opposed to those drawn at the trial. (*Brooks* v. *Metropolitan Life Ins. Co.,* 27 Cal.2d 305, 307 [163 P.2d 689].)

■ Plaintiffs are entitled to the benefit of the presumption that decedent exercised due care, which presumption is itself evidence. (*Smellie* v. *Southern Pac. Co.,* 212 Cal. 540 [299 P. 529].) This presumption can be dispelled only by uncontradicted "irreconcilable" evidence produced by the party relying upon the presumption. (*Scott* v. *Burke,* 39 Cal.2d 388, 394-395 [247 P.2d 313].) Evidence of an opposing party called under Code of Civil Procedure, section 2055, does not dispel the presumption. (*Leonard* v. *Watsonville Community Hosp.,* 47 Cal.2d 509, 517 [305 P.2d 36].)

■ Since there is no testimony of any eyewitness, this case turns largely on inferences. Even as to the basic facts, there is dispute. The conflict is even greater as to the inferences to be drawn. In this situation, appellants cannot sustain the

doubly heavy burden they have assumed in attempting to establish that the presumption of due care was dispelled by respondents' own witnesses and that the trial court has abused the broad discretion vested in it.

There is room for an inference that the fire truck blocked substantial portions of both lanes of the highway. There is conflict in the evidence and the inferences as to the extent to which the lights of the fire truck were illuminated. It could be inferred that there were other means of getting the fire truck into the station, without danger to passing traffic. If these issues were resolved in favor of respondents, an inference of appellants' negligence was reasonable.

■ The contention that contributory negligence is shown as a matter of law must also fail. There was no flagman to warn approaching traffic of the maneuvering of the fire truck, and the highway was not posted with warning signs. While decedent had often traveled this road, there was no evidence that he had ever known that fire trucks entered the station by backing along the highway. There was conflict in the evidence, and much more in the inferences to be drawn from it, as to visibility. From these and other facts, inferences negativing contributory negligence could be drawn.

We do not suggest that equally reasonable inferences to the contrary could not be drawn. ■ Our function is not to determine preponderance of the evidence, but only whether inferences which are reasonable support the order granting new trial. ■ We note, also, that the trial judge, with the jury, viewed the scene of the accident, and was entitled to consider what he saw in passing upon the motion. (*People* v. *Oliver,* 86 Cal.App.2d 885-887 [195 P.2d 926].)

Appellants rely strongly upon *Heintz* v. *Southern Pac. Co.,* 63 Cal.App.2d 699 [147 P.2d 621], in which an order granting nonsuit was affirmed upon the ground that contributory negligence of a decedent was established as a matter of law. This decision seems to represent an extreme of the law. In any case, it is distinguishable on its facts from the case at bar. There decedent's automobile struck a freight car which was stationary and which was so placed as to leave ample room to pass it on either side of the roadway. Here the fire truck was in motion and there is a conflict as to whether it blocked both traffic lanes. More important, the Heintz case brought into play the rule requiring special care in crossing railroad tracks. (*Koster* v. *Southern Pac. Co.,* 207 Cal. 753 [279 P. 788].) The case does not govern here.

Appellants contend that the trial court erred in admitting testimony as to the existence, at time of trial, of other means of placing the truck in the station than that of backing across a portion of the highway. But there is also evidence relating to existence of this alternative method at time of the collision. Appellants attempt to argue that the trial court relied upon the inadmissible evidence, and nothing else, in granting the new trial. This view is most strained. It would require us to indulge in mere conjecture for the purpose of reversal.

We are satisfied that the new trial was properly granted.

Order affirmed.

Kaufman, P. J., and Dooling, J., concurred.