[Civ. No. 9495. Third Dist. Mar. 18, 1959.]

REGINALD BARTH, a Minor, etc., Respondent, v. SAN
JUAN DEVELOPMENT COMPANY (a Corporation)
et al., Appellants.

Fitzwilliam, Memering & McDonald and Russell A. Harris for Appellants.

Ralph Drayton for Respondent.

SCHOTTKY, J.—San Juan Development Company, a corporation, Clarence Johnson and his wife, Kathleen Johnson, appeal from an order of the trial court granting plaintiff Reginald Barth a new trial for errors of law committed during the course of the trial in an action to recover for injuries sustained by Reginald Barth when a cylinder containing sulphur dioxide exploded.

Clarence Johnson, an officer of the development company, and his wife lived on a tract of land which was being subdivided by the development company. Johnson conducted a refrigerator repair business and in conjunction therewith stored cylinders on the premises, including the one which exploded. Johnson knew that children often played in the area being subdivided and in and near the portion where he maintained his home.

About a week prior to the accident, Reginald Barth, a 10-year-old boy, and a playmate removed the cylinder in question from an area in the vicinity of Johnson's home and placed it under a shack. Later the two boys took it to the Barth home where Reginald played with it.

On the evening the accident occurred, Reginald's father was cultivating the back yard of his home and at the same time he was burning trash. He had Reginald bring the cylin-

der into the back yard. Mr. Barth intended to use it to help fill up a hole. Mr. Barth went into the house to eat. Reginald was permitted to eat his dinner outside by the fire. The cylinder was anywhere from one to three feet from the remains of the fire. While Mr. Barth was in his home he heard an explosion. He saw his son was injured, and when he went outside he saw the cylinder had exploded.

There was a wide divergence between the testimony of the expert witnesses offered by the plaintiff and defendants as to the temperature necessary to build up sufficient interior pressure before the cylinder would explode. Plaintiff's witness testified that a temperature of 315 degrees Fahrenheit, which could be obtained by mere radiation from an ordinary trash fire, would be sufficient to build up sufficient interior pressure to cause the cylinder to explode. Defendants' expert witness, however, testified that the tensile strength of the cylinder was such that a temperature of 2400 degrees centigrade was necessary to cause the cylinder to explode unless it was defective. This latter temperature was higher than that which an ordinary trash fire could create.

The only issue involved in this appeal is whether or not errors of law were committed during the course of the trial upon which the court could properly grant a motion for a new trial. ▮▮▮▮ The applicable rules of law are succinctly stated in the recent case of *Shaw* v. *Pacific Greyhound Lines*, 50 Cal. 2d 153, 159 [323 P.2d 391], as follows:

"The determination of a motion for a new trial rests so completely within the court's discretion that its action will not be disturbed unless a manifest and unmistakable abuse of discretion clearly appears, and the order will be affirmed if it may be sustained on any ground, although the reviewing court might have ruled differently in the first instance. (*Brandelius* v. *City & County of San Francisco*, 47 Cal.2d 729, 733-734 [306 P.2d 432].) In the Brandelius case it was stated that the granting of a new trial could be reversed 'only if . . . the questioned instruction was absolutely accurate and under no reasonable interpretation could possibly have misled or confused the jury.' (47 Cal.2d at p. 745.)"

▮▮ And as stated by this court in *Balthrop* v. *Atchison, T. & S. F. Ry. Co.*, 142 Cal.App.2d 823, at page 826 [299 P.2d 341]:

". . . It has been said 'If the challenged instruction was erroneous in any degree, or even if it was only "fairly debatable" that such instruction may have been misleading, the

broad discretion of the trial court may not be disturbed, . . .' (*Sloboden* v. *Time Oil Co., supra* [131 Cal.App.2d 557 (281 P.2d 85)].) The mere fact that the error or misstatement in the instruction may have been cured by subsequent or other instructions does not constitute it an abuse of discretion for the trial court to grant a new trial since it is within its discretion to determine whether or not the principal instruction was so misleading as to constitute an error. . . .''

In determining that the court did not abuse its broad discretion in granting the motion for a new trial and that the appeal in the instant case is lacking in merit, it is only necessary to consider one instruction given by the court at the request of appellants. This instruction reads as follows:

''You *will notice* that in order for the doctrine of attractive nuisance [sic] to apply in this case, it is necessary for the plaintiff to prove by a preponderance of the evidence, *among other items I have mentioned,* that the instrumentality involved, namely, the cylinder, was a dangerous contrivance. If, therefore, you find that the cylinder in and of itself did not constitute a dangerous contrivance, but that in order to make it dangerous it was necessary for a further independent act to be performed in regard to it, such as *the application of* extreme *heat,* and if you further find that the defendants did not, or as reasonably prudent *people* could not reasonably foresee such *an intervening occurrence,* then and in that event the doctrine does not apply to this case, and you will find a verdict in behalf of the defendants.

''*On the other hand, if you find the cylinder in and of itself did constitute a dangerous contrivance, defendants are not relieved of liability if you also find that as reasonably prudent people, they should have anticipated that the cylinder might get into the hands of an unwary child and be subjected to such handling or treatment as to cause him injury.*''

Respondent contends that the quoted instruction contains at least six errors. Appellants contend that said instruction merely clarified the standard BAJI instructions and that the jury was elsewhere fully and correctly instructed as to the law applicable to all issues in the case. If we were now considering an appeal by plaintiff from a judgment in favor of defendants, there might be some merit in appellants' contentions; but in view of the broad discretion of the trial court in passing upon a motion for a new trial, appellants' contentions are utterly without merit.

 A mere cursory reading of the instruction shows that

it is erroneous in a number of particulars. In view of the rule hereinbefore set forth, it is only necessary to quote one portion of it to sustain the order of the trial court granting a new trial. That portion reads:

"[I]f you further find that the defendants did not, or as reasonably prudent *people* could not reasonably foresee such *an intervening occurrence*, then and in that event the doctrine does not apply in this case, and you will find a verdict in behalf of the defendants."

The important word in this phrase is the word "or"; it is a conjunction of two alternatives. When used in logical form, known in logic as the "If . . . then" sentence, such as it is used in this instruction, if either of the premises is true the conclusion is true.

The law is clear. ■■ Actual foresight of the intervening cause will establish a defendant's liability, but lack of actual foresight will not relieve him of liability if the intervening cause was reasonably to be anticipated. (Prosser on Torts (1st ed.), p. 352 et seq.; Rest. Torts, Negligence, § 447; *Gibson* v. *Garcia*, 96 Cal.App.2d 681 [216 P.2d 119]; *Mosley* v. *Arden Farms Co.*, 26 Cal.2d 213 [157 P.2d 372, 158 A.L.R. 872].)

■■ The alternative language of the instruction required the jury to come in with a defense verdict if they found that the defendants actually failed to foresee the intervening cause.

Apparently the instruction attempted to rephrase a portion of BAJI 104-D which states that if "the defendant foresaw, or by exercising ordinary care, would have foreseen" the intervening cause, then the defendants' act was the proximate cause of the injury. (California Jury Instructions, Civil No. 104-D.)

In view of our conclusion as to the foregoing portion of the instruction, we deem it unnecessary to prolong this opinion by discussing other particulars in which it is claimed to be erroneous. The quoted portion is certainly sufficient to justify the trial court in concluding, as it no doubt did conclude, that the instruction was not only erroneous but that it was misleading to the jury. There was therefore no abuse of discretion in granting plaintiff's motion for a new trial.

The order is affirmed.

Van Dyke, P. J., and Warne, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.