[Civ. No. 18412.   First Dist., Div. Two.   Jan. 13, 1960.]

MARY E. COOK, Plaintiff and Appellant, v. JEAN S. BORDI, Defendant and Appellant.

*Assigned by Chairman of Judicial Council.

Wallace S. Myers and Robert P. Praetzel for Plaintiff and Appellant.

Thomas, Buresh & Smith for Defendant and Appellant.

KAUFMAN, P. J.—Plaintiff, Mary E. Cook, a pedestrian, was hit by or ran into an automobile driven by the defendant, Jean S. Bordi. A jury trial resulted in a verdict in favor of

the defendant. Plaintiff moved for a new trial and her motion was granted. Defendant appealed from the order granting the motion for a new trial. Thereafter, plaintiff appealed from the judgment, pursuant to rule 3(a) of the Rules on Appeal.

The facts are not in dispute. The accident occurred on December 5, 1955, about 5:21 p.m. at the intersection of Sir Francis Drake Boulevard and the Sunny Hills Orphanage driveway in San Anselmo. At this location, Sir Francis Drake Boulevard runs in a general east-west direction. A sidewalk about three feet wide runs along the northern border of the boulevard. This sidewalk is intersected at right angles by the north-south driveway of the orphanage. There is a stop sign at the end of the driveway on the northwest corner of the intersection. At the time of the accident, traffic was heavy on the boulevard and lights of vehicles were shining in both directions. It was dark and raining hard.

The plaintiff, wearing a silvery-grey raincoat, was walking west along the boulevard. She was walking in the center of the sidewalk and had passed the center of the intersection when she was struck. She did not see or hear the defendant's car before it struck her. The defendant who worked at Sunny Hills was on her way to her home in Fairfax, driving south on the driveway. She stopped for about 10 seconds at the stop sign, before making a right turn onto the boulevard; and then she started her car in low gear. She heard someone cry out and stopped. She had not seen the plaintiff before the accident. After the accident, the front wheels of the defendant's car were on the sidewalk.

The first issue in this appeal is whether the court properly granted plaintiff's motion for a new trial. The motion was made on March 28, 1958, on the grounds of insufficiency of the evidence; that the verdict was against the law in that the negligence of the defendant was the sole and proximate cause of the injury; and error in law occurring at the trial and excepted to by the plaintiff.

At the hearing on the motion, on April 17, 1958, plaintiff argued the insufficiency of the evidence and that the verdict was not sustainable as a matter of law. The motion was granted on May 8, 1958, but the grounds were not stated. The notice of appeal was filed on June 5, 1959. On May 23, 1958, an amended order was filed stating the motion was granted on all the grounds specified. There was no stipulation for a correction of the minutes. (*Hoffman* v. *Johnson,* 143 Cal.App.2d 767 [299 P.2d 913].)

The first question is whether insufficiency of the evidence is a ground to be considered by this court. Section 657 of the Code of Civil Procedure provides, as far as relevant:

"When a new trial is granted, on all or part of the issues, upon the ground of the insufficiency of the evidence to sustain the verdict or decision, the order shall so specify this in writing and shall be filed with the clerk *within ten days after the motion is granted; otherwise, on appeal from such order it will be conclusively presumed that the order was not based upon that ground.* The court may direct a party to prepare the order. (Enacted 1872. As amended Stats. 1919, ch. 100, p. 141, § 1; Stats. 1929, ch. 479, p. 841, § 2; Stats. 1939, ch. 713, p. 2234, § 1.)" [Emphasis supplied.]

As the amended order was not filed within ten days after the motion was granted, this court is precluded from reviewing the question of the sufficiency of the evidence. (*Kralyevich v. Magrini,* 172 Cal.App.2d 784 [342 P.2d 903]; *Bray v. Rosen,* 167 Cal.App.2d 680 [335 P.2d 137]; *Estate of Browne,* 159 Cal.App.2d 99 [323 P.2d 827]; *Townsend v. Gonzalez,* 150 Cal.App.2d 241 [309 P.2d 878]; *Conjorsky v. Murray,* 135 Cal.App.2d 478 [287 P.2d 505]; *Roth v. Marston,* 110 Cal. App.2d 249 [242 P.2d 375].)

The next question therefore is whether or not errors of law were committed during the course of the trial upon which the court could properly grant a motion for a new trial. The applicable rules of law were succinctly stated in *Barth v. San Juan Development Co.,* 168 Cal.App.2d 760 at 762 [336 P.2d 203] (quoting from *Shaw v. Pacific Greyhound Lines,* 50 Cal.2d 153 at 159 [323 P.2d 391]) as follows:

" 'The determination of a motion for a new trial rests so completely within the court's discretion that its action will not be disturbed unless a manifest and unmistakable abuse of discretion clearly appears, and the order will be affirmed if it may be sustained on any ground, although the reviewing court might have ruled differently in the first instance. (*Brandelius v. City & County of San Francisco,* 47 Cal.2d 729, 733-734 [306 P.2d 432].) In the Brandelius case it was stated that the granting of a new trial could be reversed "only if . . . the questioned instruction was absolutely accurate and under no reasonable interpretation could possibly have misled or confused the jury." (47 Cal.2d at p. 745.)' "

Therefore, if the instructions in the instant case were in any sense misleading or confusing, the trial court's granting of a new trial must be affirmed. The record indicates that

the court instructed the jury on unavoidable. accident. *Butigan* v. *Yellow Cab Co.*, 49 Cal.2d 652 [320 P.2d 500], held that the giving of this instruction is error except in special situations involving section 602 of the Vehicle Code which is not relevant here. The record indicates that the instructions were given orally. There is, therefore, no indication as to which party requested the unavoidable accident instruction.

■ Defendant argues that this court cannot consider this matter, since the plaintiff did not allude to error in law in the argument on her motion for a new trial. There is no merit in this argument. The instant case was tried and the argument on the motion for a new trial was had about a month after the publication of the decision in *Butigan* v. *Yellow Cab Co.*, *supra*. Plaintiff's failure to mention the Butigan case at the argument on the motion cannot be held to be a waiver as the effect of the Supreme Court's ruling in the Butigan case is that the former rule [which permitted the unavoidable accident instruction] was never the law. (*County of Los Angeles* v. *Faus*, 48 Cal.2d 672 at 681 [312 P.2d 680].) In *Guerrero* v. *Westgate Lumber Co.*, 164 Cal.App.2d 612 at 617 [331 P.2d 107] (cited by the defendant) the appellate court overlooked the appellant's failure to mention the Butigan rule in his opening brief.

■ Furthermore, the actions of the trial court must be presumed correct. On appeal, all presumptions are in favor of an order granting a new trial. (*Butler* v. *Progressive Transportation Co.*, 174 Cal.App.2d 333 [344 P.2d 623].)

■ The granting of a motion for a new trial rests so completely within the discretion of a trial court that its action will not be disturbed unless a manifest and unmistakable abuse of discretion clearly appears. (*Brandelius* v. *San Francisco*, 47 Cal.2d 729 [306 P.2d 432].) We can see no such abuse of discretion here.

■ The question is whether in this case the error of giving an unavoidable accident instruction is prejudicial. (*Levin* v. *Union Oil Co.*, 174 Cal.App.2d 402 at 404 [345 P.2d 14].) As stated in *Butigan* v. *Yellow Cab Co.*, *supra*, at 660 and 661:

"The determination whether, in a specific instance, the probable effect of the instruction has been to mislead the jury and whether the error has been prejudicial so as to require reversal depends on all the circumstances of the case, including the evidence and the other instructions given. No precise formula can be drawn. . . ."

In view of this conclusion, it is unnecessary to consider other questions presented by the parties.

In view of the foregoing the order granting the new trial is hereby affirmed and the appeal from the judgment is hereby dismissed.

Dooling, J., and Draper, J., concurred.