[Civ. No. 18942. First Dist., Div. One. July 25, 1961.]

KATHLEEN OPP, Respondent, v. ADELINE MAE SYKES, Appellant.

[Civ. No. 18943. First Dist., Div. One. July 25, 1961.]

WILMA H. TATUM, Respondent, v. ADELINE MAE SYKES, Appellant.

Lacey, Holbrook and Meyenberg, Richard E. Holbrook and Garth V. Lacey for Appellant.

Bardin, Cunningham & Panelli, Boccardo, Blum, Lull, Niland & Teerlink and Edward J. Niland for Respondents.

DUNIWAY, J.—In these cases, the appeals are from an order granting motions for new trial. We conclude that the conclusive presumption, established by Code of Civil Procedure, section 657, that the order was not granted on the ground of insufficiency of the evidence to justify the verdict, applies.

The other ground of the motions, "that the verdict is against the law" does not support the order. It follows that the order must be reversed.

These are consolidated actions for personal injuries sustained by respondent driver and passenger (plaintiffs) in a rear-end collision, in which the jury returned a verdict for appellant (defendant). Respondents each moved for a new trial upon the grounds of "1. Insufficiency of the evidence to justify the verdict; 2. That the verdict is against the law." The bare content of the minutes as to the disposition of the motions, entered on May 11, 1959, read: "Bardin & Cunningham, by Niles Cunningham, counsel for plaintiffs, and Garth V. Lacey, counsel for defendants, are present in Court. Plaintiffs move the Court for new trials in each of the above actions. Argument is made by respective counsel and the motions are granted."

The appeal was taken on May 14, 1959. Thereafter, on December 11, 1959, respondents filed a notice of motion to correct and amend minutes *nunc pro tunc,* asserting that "by reason of clerical error and omission the said minutes do not conform to the actual facts and do not speak the whole truth relating to the proceedings. . . ." When the matter came up for hearing on December 18, 1959, the judge stated that he would rely on his "own recollection of the substance of the situation" and that he would not read the supporting affidavits; he recalled the situation "because granting of a new trial as far as this judge on this bench is concerned is rather unusual. I recall only three in this County in the ten years I've been here." The court then stated: "Mr. Cunningham and Mr. Lacey were here and Mr. Cunningham did announce that he was abandoning all grounds other than that of insufficiency of the evidence."

Accordingly, on December 22, 1959, the court filed an "Order for Correction and Amendment of Minutes Nunc Pro Tunc." The salient portion of the order reads that the minutes of May 11, 1959, "be corrected and amended nunc pro tunc" by inserting in lieu of the third sentence of the minutes the following: "Counsel for plaintiffs abandons and withdraws, as a ground for the said motions, the ground that the verdicts are against the law. The Court accepts said abandonment and withdrawal. Argument is made by respective counsel upon the sole ground of insufficiency of the evidence to justify the verdicts and the motions are granted."

The question before us resolves into the validity of the correction of the minutes since the record shows both that an order granting a new trial for insufficiency of the evidence would not have constituted an abuse of discretion and that the order cannot be affirmed upon the ground that the verdict was against law.

A brief narration of the facts confirms the proposition above stated. In substance, appellant apparently ran her car into the rear of respondent Tatum's vehicle which had stopped for a left hand turn, and after the accident, admitted fault. Respondent Tatum was about to turn into the intersection of Romie Lane and the entrance of a hospital in Salinas, California; appellant's Chevrolet car proceeded down the street following by about 50 feet respondent Tatum's Buick; appellant saw the signal light on the rear of the Buick flash to indicate a left hand turn, and coincidentally appellant remained about 50 feet behind respondents. Appellant knew the Buick was about to make a left hand turn; she saw the Buick blink its light; she "imagined" the Buick to be proceeding at about 15 to 20 miles per hour. Appellant originally testified that the Buick came to a stop, presumably to permit some oncoming cars to pass, but she did not recall what she did at this moment; she "imagined" that she slowed down. She did not know how far her car was to the rear of the Buick when she applied her brakes. At the time of the impact the Buick's signal light continued blinking.

On redirect examination appellant testified that she could not say whether or not the Buick stopped; she later testified that the Buick did not stop until after she hit it. She further testified that when the signal light came on the Buick was 50 feet from the intersection; her car was about 50 feet to the rear of the Buick; she did not put on her brakes when she was 50 feet behind the Buick.

Both respondents testified that before the Chevrolet struck the Buick that car had stopped in order to allow two oncoming cars to pass. Two independent witnesses corroborated this testimony. Nor did the Buick come to a sudden stop. Both respondents further testified that immediately after the accident appellant stated, "Well, it's all my fault."

■ Upon this record we cannot rule that the trial court abused its discretion in granting new trials. In the words of *Hawk* v. *City of Newport Beach* (1956), 46 Cal.2d 213 [293 P.2d 48] : "[I]t cannot be held that a trial court has abused its discretion where there is any evidence which would support a judgment in favor of the moving party." (P. 219.) (To the same effect: *Vanni* v. *Burns* (1960), 179 Cal.App.2d 58, 61 [3 Cal.Rptr. 487] ; *Huntley* v. *County of Santa Clara* (1959), 168 Cal.App.2d 298, 300 [335 P.2d 722].) Certainly there is evidence here which would support a judgment in favor of respondents. Indeed, appellant makes no argument to the contrary.

■ As we have stated, the record likewise sustains the converse proposition that the order for new trials cannot be affirmed upon the ground that the verdict was against law. As appellant has pointed out, the evidence is in conflict on three points: (1) whether respondent Tatum gave an arm or hand signal; (2) whether or not the brake lights on respondent Tatum's car came on; and (3) whether or not respondent Tatum's vehicle came to a stop before the collision. We therefore cannot conclude that the evidence in this case was insufficient in law to support the verdict because without conflict on any material point.

■ The determinative question, then, must be whether or not the trial court's order granting new trials may properly rest upon the ground of the insufficiency of the evidence. Section 657 of the Code of Civil Procedure provides that "When a new trial is granted, on all or part of the issues, upon the ground of the insufficiency of the evidence to sustain the verdict or decision, the order shall so specify this in writing and shall be filed with the clerk within ten days after the motion is granted; otherwise, on appeal from such order it will be conclusively presumed that the order was not based upon that ground."

The statute plainly indicates that if the order omits the reference to the insufficiency of the evidence, that ground is precluded, and the cases so hold. (*Yarrow* v. *State* (1960),

53 Cal.2d 427 [348 P.2d 687]; *Cook* v. *Bordi* (1960), 177 Cal. App.2d 112 [1 Cal.Rptr. 886]; *Bray* v. *Rosen* (1959), 167 Cal.App.2d 680 [335 P.2d 137]; *Roth* v. *Marston* (1952), 110 Cal.App.2d 249 [242 P.2d 375]; *Gursey* v. *Campus Camera Shop, Inc.* (1950), 98 Cal.App.2d 257 [219 P.2d 884]; *Thomas* v. *Driscoll* (1940), 42 Cal.App.2d 23 [108 P.2d 43]; *Whitley* v. *Superior Court* (1941), 18 Cal.2d 75 [113 P.2d 449]; *Aced* v. *Hobbs-Sesack Plumbing Co.*, 55 Cal.2d 573 [12 Cal.Rptr. 257, 360 P.2d 897].)

The essence of respondents' position is that the *nunc pro tunc* order of December 22, 1959, merely clarified the *minutes* of the court to reflect the fact that counsel for respondents, at the argument of the motions for new trial, abandoned the ground that the verdict is against law, so that the motions were based solely upon insufficiency of the evidence, and that such clarification was not a modification of the *order*, in violation of the provisions of Code of Civil Procedure, section 657.

We do not agree. We think that this contention disregards one of the two reasons for the 1939 amendment to Code of Civil Procedure, section 657, which was to put a mandatory and jurisdictional ten day time limit upon the power of the court, by any order, nunc pro tunc or otherwise, to "correct" the record so as to make its order granting a new trial comply with the requirements of the section. That is the *substance* of what the court did here, although the *form* used was an order correcting, *nunc pro tunc*, the recitals in the minutes. Those recitals, however, were a part of the order as recorded by the clerk, and in any event, even if they were not technically a part of the order itself, could not be modified for the purpose or with the effect of defeating the conclusive presumption established by Code of Civil Procedure, section 657, after the expiration of the 10-day limit fixed by that section. The "third sentence" that the court below eliminated from its order, read: "Argument is made by respective counsel and the motions are granted." This was the order of the court. There was no other. "In lieu" of that sentence, the court purported by its *nunc pro tunc* order, to insert:

"Counsel for plaintiff abandons and withdraws, as a ground for the said motions, the ground that the verdicts are against law. The court accepts said abandonment and withdrawal. Argument is made by respective counsel upon the sole ground of insufficiency of the evidence to justify the verdicts and the motions are granted."

To say that this is not a *nunc pro tunc* correction of the *order* is totally unrealistic. Under the cases upon which respondents rely, the timely specification of the ground in a recital in the minutes, preceding the language stating the order itself, would comply with section 657, although that section says "the order shall so specify."

There can be no question as to the objective of the Legislature. As long ago as 1919, it amended the final paragraph of Code of Civil Procedure, section 657, to require that the order specify the ground of insufficiency of the evidence, and to establish a presumption that, in the absence of such specification, the order was not granted on that ground. This was to avoid the then practice of the appellate courts, whereby they frequently defeated effective appellate review by presuming, in every case where insufficiency of the evidence was a stated ground of the motion, that the order *was* granted on that ground, even when the record, including the opinion of the court, made it clear that such was not, in fact, the case. In 1929, the paragraph was again amended, to extend its coverage to instances in which a new trial is granted on part of the issues. Finally, in 1939, the paragraph was amended to extend its coverage to trials by the court, to require that the order "specify" the ground "in writing" and be filed within 10 days after the motion is granted, and to make the presumption arising from failure to so specify within the time, conclusive.

Between 1919 and 1939, the courts permitted *nunc pro tunc* orders correcting orders that did not specify the ground, as the code required, so as to make them specify; *Lauchere* v. *Lambert*, 210 Cal. 274 [291 P. 412]; *Livesay* v. *Deibert*, 3 Cal.App.2d 140 [39 P.2d 466]; *Carson* v. *Emmons Draying & Safe Moving Co.*, 18 Cal.App.2d 326 [64 P.2d 176]; *Anderson* v. *Farquhar*, 18 Cal.App.2d 392 [63 P.2d 1163]; *Keller* v. *Cleaver*, 20 Cal.App.2d 364 [67 P.2d 131]. *Nunc pro tunc* orders relating to new trials, except as to the problem with which we are concerned, may still be valid: *Aylmer* v. *Aylmer*, 139 Cal.App.2d 696 [294 P.2d 98].

Each time since 1939 that an appellate court has considered the reasons for these amendments, it has come to the same conclusion, that a *nunc pro tunc* "correction" of the order is prohibited and invalid.

Moore, P. J., in *Thomas* v. *Driscoll* (1940), 42 Cal.App.2d 23, at pages 27-28 [108 P.2d 43]: "The contention that the

court did not abuse its discretion by making the second order is beside the point. The amendment operates to deprive the court of discretion after the ten days have expired. If the court could make a *nunc pro tunc* order in cases where the grounds are the insufficiency of the evidence five months after the granting of the motion for a new trial, it would thereby effectively abrogate the statute which emphatically proscribes such an order after the lapse of the time designated. A determination by the judge that his failure to put his order in writing was a clerical error is not of sufficient potency to outweigh the plain letter of the code section. . . . If a court can now properly vitalize a void order by a belated entry, the amendment would have been in vain. In making the second order, the court did more than abuse its discretion; it exceeded its jurisdiction. To hold otherwise were to override legislative authority exercised within its constitutional province.'' The *nunc pro tunc* order was held void.

Curtis, J., in *Whitley* v. *Superior Court* (1941), 18 Cal.2d 75, at pages 78-79 and 80, 82 [113 P.2d 449], reviewed the legislative and judicial history of the matter at length, and concluded, for a unanimous court: ''Manifestly, if this new requirement is not construed as mandatory, the rule regarding the filing of such order will remain the same as it was before the enactment of the amendment, which interpretation would render the amendment nugatory. . . . [P. 79.] We are not here concerned with a mere error of record, but with a failure to comply with a jurisdictional requirement. . . . [P. 80.] . . . The above considerations impel the conclusion that the legislature by its amendment to section 657, Code of Civil Procedure, subdivision 7, intended to make it mandatory that a written order granting a new trial on the ground of the insufficiency of the evidence to sustain the verdict or decision be filed within ten days after the motion is granted or not at all, and that this time limitation applies to *nunc pro tunc* orders as well as to original orders made pursuant to this statutory provision. [P. 82.]'' Two *nunc pro tunc* orders were held void.

Schauer, P. J., in *Cox* v. *Tyrone Power Enterprises* (1942), 49 Cal.App.2d 383, at pages 393-394 [121 P.2d 829] : ''No court or seasoned member of the legal profession will doubt that the purpose of the legislature in enacting the above quoted amendments of 1939 . . . was to set up, in effect, a *statute of limitation* on the *time* within which a trial court can, either by original action or by *nunc pro tunc* order, specify *insufficiency*

*of the evidence* as a ground for an order granting a new trial. . . .

"It may be inferred with confidence that the legislature, in order to accomplish its purpose, deemed it necessary to require both that the ground be specified in writing *and* placed of record with the clerk within the limited period because it could be contemplated that records inevitably would appear before courts of appeal, declaring, by virtue of *nunc pro tunc* action subsequent to the ten-day period, that the trial court's records as originally inscribed failed to specify the mooted ground only through inadvertence, it having been truly a basis of the order (sustainable on no other ground)—and without the dual requirement, certainly such *nunc pro tunc* order, under a long line of cases, would prevail." This language was dictum, because the question decided was whether a minute order rather than a separate signed order, is sufficient, but it was relied upon in subsequent cases.

Gibson, C. J., in *Dempsey* v. *Market Street Ry. Co.* (1943), 23 Cal.2d 110, at page 115 [142 P.2d 929] : "The amendments were undoubtedly adopted first, to stop the prior practice by appellate courts of assuming that insufficiency of the evidence was the ground for the order, except where that ground was not stated in the motion or was excluded by the order, and second, to place a limit on the time within which the record may be corrected by a nunc pro tunc order." This again was dictum, and for the same reason, but has likewise been followed.

Moore, P. J., in *Gursey* v. *Campus Camera Shop, Inc., supra,* 98 Cal.App.2d 257, at page 262, after quoting the foregoing language of the Chief Justice, said: ". . . [I]t must be held that although a minute entry of the order granting a new trial for the insufficiency of the evidence is valid, yet neither such an order nor one formal in fashion can be amended *nunc pro tunc* after the court has lost jurisdiction of the case." The decision also relied upon the reasoning of Justice Schauer in *Cox, supra.* The situation in *Gursey* was very similar to that in the present case, and the *nunc pro tunc* order was held void.

Vallée, J., in *Roth* v. *Marston, supra,* 110 Cal.App.2d 249, after reviewing all of the foregoing cases and quoting extensively from the opinions, concludes, at page 257: "There can be no doubt that the 1939 amendment of section 657, as construed in the foregoing cases, curtails the inherent power of the court to correct a clerical error in a minute entry

granting a motion for a new trial. If the court, in fact, grants the motion on the ground of the insufficiency of the evidence, and that ground is not specified in a minute order, or in a formal written order, the error can only be corrected by a *nunc pro tunc* order made and entered within ten days after the motion is granted. The *nunc pro tunc* order of March 15, 1951, was therefore, a nullity, of no force or effect; and the order of January 19, 1951, which did not specify the insufficiency of the evidence, stands as the order of the court.''

Bray, J., in *Ice-Kist Packing Co. v. J. F. Sloan Co.*, 157 Cal.App.2d 695 [321 P.2d 840], recognizes the rule of the foregoing cases in his comment on the Cox case (p. 697).

Wagler, J. pro tem., speaking for this court in *Kralyevich v. Magrini*, 172 Cal.App.2d 784, 787 [342 P.2d 903], followed the *Roth* case in holding a *nunc pro tunc* order void.

Kaufman, P. J., came to the same conclusion in *Cook* v. *Bordi, supra,* 177 Cal.App.2d 112, 115.

*Whitley, supra,* was overruled in *Dempsey,* insofar as it indicated that a minute order is insufficient, but it is still good law as to *nunc pro tunc* orders.

There is no contrary authority. The only other case that we have found dealing with a *nunc pro tunc* order made after the 1939 amendment is *Hoffman* v. *Johnson,* 143 Cal.App.2d 767 [299 P.2d 913]. There such an order, made pursuant to a stipulation of the parties, was upheld, but the court recognized the rule announced and applied in the foregoing cases, saying that ''the appellant had a right originally to insist on his rights under the statute.'' (P. 770.)

The cases relied upon by respondents, and other similiar cases do not involve *nunc pro tunc* orders. All of them strengthen our view that such orders are equally invalid whether they correct ''recitals'' in the minutes or the ''order'' itself. This is because they permit the court to find that the *order* specifies the ground of the motion, as the code requires, even when the *ordering language* does not. Thus, in several cases, although the ''order,'' using the term in the narrow sense in which respondents would have us use it, did *not* specify, as required by Code of Civil Procedure, section 657, recitals in the same document, preceding the order, did so specify. In each case, the court held that the order did specify sufficiently. Thus the recitals were held, in effect, to be a part of the order. (*Piru Citrus Assn.* v. *Williams,* 95 Cal.App.2d 911, 913-914 [214 P.2d 426] ; *Bridgford* v. *Sawyer,* 105 Cal. App.2d 631, 633 [234 P.2d 95] ; *Casterline* v. *Young,* 167 Cal.

App.2d 669, 671-672 [334 P.2d 966]; *Pacific Hardware & Steel Co.* v. *Cheim,* 169 Cal.App.2d 339, 341-343 [337 P.2d 508].) The *Casterline* case goes so far as to consider a separate memorandum opinion of the judge, in construing the order (167 Cal.App.2d at p. 672). A number of other cases hold that an order, which does not specify the ground of the motion, can be read with the notice of motion to find a sufficient specification. (*Cox* v. *Tyrone Power Enterprises, supra,* 49 Cal.App.2d 383, 389-390; *Van Ostrum* v. *State,* 148 Cal.App.2d 1, 4 [306 P.2d 44]; *Ice-Kist Packing Co.* v. *J. F. Sloan Co., supra,* 157 Cal.App.2d 695, 696-697; *Kralyevich* v. *Magrini, supra,* 172 Cal.App.2d 784.) In *Kralyevich* the court even considered the points and authorities and argument in support of the motion (p. 790). Obviously, under these cases, the word "order" in Code of Civil Procedure, section 657, has been held to have a much broader meaning than is given to it by respondents.

When the appeal was taken, and on the basis of the record as it then was, the order was clearly reversible. The record was filed in this court August 21, 1959, and the opening brief was filed on September 14, 1959. The motion for a *nunc pro tunc* order was not filed below until December 11, 1959, and was heard and granted on December 22. This was obviously done because it had become apparent to the respondents' counsel, from appellant's brief, that unless the record could be corrected appellant must prevail. Counsel for respondents then, on January 13, 1960, moved this court to augment the record by including in it the *nunc pro tunc* order. We granted the motion on January 26. The ten days within which a corrective order could have been made under Code of Civil Procedure, section 657, and presumably would have been if counsel for respondents had bothered to check the minute order promptly, had expired eight months before, on May 21, 1959. This case graphically illustrates the reason for the 1939 amendments to Code of Civil Procedure, section 657.

We do not question the good faith of the court below, nor criticize the ingenuity of counsel in suggesting the particular form of order adopted by the court. We do say that if this procedure were sanctioned, the purpose of the Legislature in adopting the 1939 amendments to Code of Civil Procedure, section 657, would be defeated.

Since this matter was submitted, the Supreme Court decided the case of *Aced* v. *Hobbs-Sesack Plumbing Co., supra,* 55 Cal.2d 573. The case is not in point, in the sense that it does

not involve facts similar to those in the case at bar. But it does tend to support the views here expressed. It disapproves some of the decisions upon which respondents rely, and it indicates that the court will insist upon compliance with Code of Civil Procedure, section 657. (See p. 578.)

The order appealed from is reversed.

Bray, P. J., and Tobriner, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied September 20, 1961. Schauer, J., and Peters, J., were of the opinion that the petition should be granted.