MARSHALL BEN SPRINGER, Plaintiff and Appellant, v. ASBURY TRANSPORTATION COMPANY, Defendant and Respondent.

Donald C. Kahl, Harney, Ford & Schlottman and Robert E. Ford for Plaintiff and Appellant.

John R. Allport for Defendant and Respondent.

FOURT, J.—This is an appeal from an order granting a motion of the defendant for a new trial.

The plaintiff brought the action for damages for personal injuries suffered as a result of a collision of two vehicles. The action was filed March 7, 1960. The evidence at the trial indicated, among other things, that on or about May 27, 1959, at about 3:45 p. m. the plaintiff was operating his 1958 Stude-

baker automobile eastbound upon a paved open highway 28 feet wide, at about 50 miles per hour, when it collided with the rear end of defendant's tanker truck and trailer tank, which was parked (in the eastbound lane) on the paved portion of the highway while the driver thereof talked with a fellow employee who was operating a company truck parked and facing in the opposite direction. A car was approaching from the opposite direction upon the paved portion of the highway and plaintiff was therefore unable to pass the parked truck in the eastbound lane. The collision occurred with the front end of plaintiff's car striking the rear end of defendant's parked truck.

A unanimous verdict for the plaintiff in the sum of $6,500 was returned by the jury on April 13, 1961. Judgment on the verdict was entered on April 14, 1961. Within due time, namely on April 18, 1961, defendant filed a notice of intention to move for a new trial on all statutory grounds.

Notice of entry of judgment, dated April 17, 1961, was filed April 18, 1961. There is nothing before this court or otherwise which would indicate that a copy of such notice of entry of judgment was ever served upon the defendant.

On May 12, 1961, after the argument on the motion for a new trial (which insofar as the defendant was concerned was upon the sole ground of insufficiency of the evidence), the court made a minute entry as follows:

"In the matter of the motions of defendant for new trial and for judgment notwithstanding the verdict, the Court now orders the motion for new trial granted, and the motion for judgment notwithstanding the verdict denied."

It is to be noted that such order did not specify in writing that the motion was granted upon the ground of insufficiency of the evidence to sustain the verdict and therefore, "on appeal from such order it will be conclusively presumed that the order was not based on that ground." (Code Civ. Proc. § 657.) *Aced* v. *Hobbs-Sesack Plumbing Co.,* 55 Cal.2d 573 [12 Cal.Rptr. 257, 360 P.2d 897] ; *Opp* v. *Sykes,* 194 Cal.App.2d 208 [15 Cal.Rptr. 1] ; *Bray* v. *Rosen,* 167 Cal. App.2d 680 [335 P.2d 137].)

No errors at law occurred during the trial which resulted in a miscarriage of justice as that term is used in article VI, section 4½ of the Constitution of California. (See *Stoddard* v. *Rheem,* 192 Cal.App.2d 49, 53 [13 Cal.Rptr. 496].)

Respondent quite correctly states in its brief that the points and authorities in support of the motion for a new

trial indicate that the insufficiency of the evidence was the only ground relied upon by respondent in its presentation of the motion for a new trial to the court and further, it is apparent that the trial court made its determination upon the ground of insufficiency of the evidence.

On May 23, 1961, notice of granting the motion for a new trial was filed and a copy thereof served upon the plaintiff's counsel.

On June 7, 1961, a notice of appeal was filed. The clerk's notice to counsel with reference to the appeal was filed on June 9, 1961.

On June 22, 1961, a second minute order was made which reads as follows:

"It appearing to the Court that the Minute Order of May 12, 1961, entered on May 16, 1961, does not properly reflect the order of the Court, said Order is now ordered corrected, *nunc pro tunc* as of the same date, by the addition of the following:

"Motion for new trial is granted on the grounds that the evidence was insufficient to sustain the verdict rendered by the jury."

Code of Civil Procedure section 660 provides in part that "the power of the court to pass on motion for a new trial shall expire . . . 60 days after filing of the notice of intention to move for a new trial." It would seem therefore that the power of the court expired prior to June 22, 1961. The purported order of June 22, 1961, was in excess of the jurisdiction of the court. (*Hinrichs* v. *Maloney*, 169 Cal.App.2d 544, 546 [337 P.2d 471].) Furthermore, as held in *Opp* v. *Sykes*, 194 Cal.App.2d 208 [15 Cal.Rptr. 1] it was improper under the circumstances to attempt to make the corrective order more than 10 days later than the original ineffective order.

The order granting a new trial is reversed.

Wood, P. J., and Lillie, J., concurred.